ARTHUR H. KOHOUT AND OTHERS v.
SHAKOPEE FOUNDRY COMPANY.

162 N. W. (2d) 237.

September 20, 1968—No. 40,716.

*Thomas O. Kachelmacher* and *Kurt F. Walther,* for appellants.

*Eugene A. O'Brien,* for respondent.

OTIS, JUSTICE.

This is an action brought by 62 employees of a now defunct corporation to recover vacation pay in the sum of $10,249 and statutory penalties amounting to $17,986.80. The case was tried without a jury. The court held that the claims were barred by the statute of limitations. Plaintiffs appeal from judgment in favor of defendant.

The issues are (1) whether a 2-year or a 6-year statute of limitations applies; (2) on what date the claims for vacation pay accrued; and (3) on what date the statutory penalties accrued.

The reciprocal rights and obligations of the plaintiffs and defendant are governed by a collective bargaining agreement which expired June 1, 1962. Unable to negotiate a new contract, plaintiffs went on strike July 27, 1962, after which date defendant has not resumed business and plaintiffs have not returned to work.

Subsequent to October 14, 1962, defendant company closed down permanently and sold its equipment. Plaintiffs thereafter, on October 26, 1962, gave formal notice they were ending the strike, and on November 14, 1962, asked to resume their employment on the same terms as those under which they were working when the strike began.

Formal demands for vacation pay were made on defendant in October 1962 and again in August and September 1964.

This action was commenced on September 25, 1964.

■ Plaintiffs contend that their claims are governed by Minn. St. 541.05(1), which provides for a 6-year statute of limitations "[u]pon a

contract or other obligation, express or implied, as to which no other limitation is expressly prescribed." Defendant, on the other hand, relies on Minn. St. 541.07(5), which imposes a 2-year statute of limitations as follows:

"For the recovery of wages *or* overtime *or* damages, fees or penalties accruing under any federal or state law respecting the payment of wages *or* overtime *or* damages, fees or penalties * * *." (Italics supplied.)

The question is whether the words "accruing under any federal or state law" apply only to "penalties" or whether that phrase applies likewise to "wages." [1] No case has been called to our attention construing this provision of the statute.

Prior to its amendment by L. 1953, c. 378, Minn. St. 541.07(5) read in part as follows:

"For the recovery of wages, overtime, damages, fees or penalties accruing under any federal or state law respecting the payment of wages, overtime, damages, fees or penalties * * *."

What the legislature intended by omitting the commas and adding the words "or," we are at a loss to understand. By the insertion of the disjunctive "or" between "wages," "overtime," and "damages" and by inserting a comma only after "damages," a plausible argument can be made for finding a legislative intention to make "wages" and "overtime" more remote from the qualifying phrase "accruing under any federal or state law," leaving that phrase applicable only to "damages, fees or penalties." Possibly this amendment was prompted by an observation made by Judge Gunnar H. Nordbye in Peterson v. Parsons (D. Minn.) 73 F. Supp. 840, 843, that whether wages owing under a contract, and not under a statute, are governed by the 2-year statute of limitations "may not be entirely clear."

Counsel has suggested no rational basis for distinguishing between common-law wage claims and those created by statute in the matter of

---

[1] Vacation pay has been held to be wages in In re Wil-Low Cafeterias, Inc. (2 Cir.) 111 F. (2d) 429.

when they should be asserted after they have accrued. None occurs to us. The 2-year limitation as to wages first appeared in L. 1945, c. 513, toward the end of World War II. We can only speculate that the statute may have been prompted by the pending renegotiation of great numbers of government contracts. The original law contained the following provision:

"Causes of action accruing prior to the date hereof, and barred by the provisions hereof, shall be commenced within six months after passage of this act, provided that nothing contained herein shall affect any action or suit for the recovery of wages, overtime, damages, fees or penalties pending at the time of the passage of this act."

The fact the legislature expressly preserved actions for wages then pending, without reference to whether they arose by statute, may be a legislative recognition that ordinary wage claims would thereafter be affected by the 2-year limitation.

While we are not entirely free from doubt in the matter, in the absence of some valid reason for treating common-law wage claims differently from those arising under a statute, we hold they are both governed by the 2-year limitation prescribed by Minn. St. 541.07(5).

The trial court held that plaintiffs' claims were barred because they were not asserted within 2 years of June 1, 1962. We agree that plaintiffs' vacation pay had been earned on that date, but we are of the opinion that under the terms of the collective bargaining agreement, plaintiffs were not necessarily entitled to receive vacation pay on June 1. The provisions of the contract which we regard as decisive are sections 4 and 5 of article XV. Section 5 reads thus:

"Vacations shall be scheduled and taken accordingly between June 1 and October 1, except the third week of vacation which may be scheduled at a different time, unless some other time shall be mutually agreed upon between an individual employee and the Employer."

Section 4 provides:

"Pay for the vacation period shall be paid in advance and to be given

to the individual on his last day of employment before the commencement of his vacation."

As we view the matter, under section 5, plaintiffs were required to "take" their 1- or 2-week vacations before October 1, 1962. Under section 4, defendant was obliged to pay them before the vacation began. Since, as we compute it, September 24, 1962, was the last date on which any employee could begin his vacation and "take" it before October 1, it would seem to follow that the last date on which defendant was obliged to pay any employee for his vacation was September 23, 1962. This action was not brought until September 25, 1964. Consequently, we hold that except as to those who earned a third week,[2] claims for vacation pay accrued more than 2 years prior to the commencement of this action and are barred by Minn. St. 541.07(5). As to those entitled to a third week of vacation after October 1, 1962, the case is remanded for a determination of when the third week was customarily taken and paid for, and a computation of any amounts earned and not thus barred by the statute of limitations.

■ The penalties which plaintiffs seek are authorized by Minn. St. 181.13, as follows:

"When any person, firm, company, association, or corporation employing labor within this state discharges a servant or employee from his employment, the wages or commissions actually earned and unpaid at the time of such discharge shall become immediately due and payable upon demand of such employee, at the usual place of payment, and if not paid within 24 hours after such demand, whether such employment was by the day, hour, week, month, or piece or by commissions, such discharged employee may charge and collect the amount of his average daily earnings at the rate agreed upon in the contract of employment, for such period, not exceeding 15 days, after the expiration of the 24 hours, as the employer is in default, until full payment or other settlement, satisfactory to the discharged employee, is made."

Defendant asserts that the right to penalties accrued on July 27, 1962,

---

[2] The record shows eight such employees.

since that was the last day on which any employee worked for defendant. It further argues that if the claims for vacation pay are barred, the claims for penalties are also barred. No authority is cited for this proposition, and we are aware of none.

As we read Minn. St. 181.13, the penalties therein provided do not vest until the employee has made a demand for wages earned and unpaid at the time of his discharge. It is not necessary for us to determine the date of discharge beyond holding that on any theory it did not occur until after September 25, 1962. The first demand made by plaintiffs for vacation pay was on October 26, 1962. Subsequent demands were made in 1964. Hence, it is clear that the demands were made within 2 years of the time this action was commenced. Consequently, we hold that plaintiffs are entitled to penalties under § 181.13, notwithstanding the fact that their claims for vacation pay may be barred. Upon a remand the court will also determine the amount of statutory penalties to which plaintiffs are entitled.

Reversed and remanded for additional findings.