## WALTER BLOOMER v. ROBERT BLOOMER.

185 N. W. (2d) 520.

March 19, 1971—No. 42114.

*Paul J. Louisell,* for appellant.

*McNulty & Stege,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

MURPHY, JUSTICE.

Appeal from judgment in an action for an accounting. The trial court found that there had been an accord and satisfaction between the parties in connection with their participation in the organization and operation of a small restaurant-type business, as well as in subsequent real estate transactions. Plaintiff contends that the court's finding is contrary to the evidence and that he is entitled to recovery of certain sums of money allegedly retained by defendant.

It would appear from the record that plaintiff, Walter Bloomer, and defendant, Robert Bloomer, are brothers. In 1955, Walter, the elder, who had been engaged in the operation of a restaurant, assisted his younger brother, Robert, in starting a roadside restaurant identified as the "Bloomer Drive-in" in the city of Duluth. After the business was established, it was operated by defendant until 1960, when it was sold for $55,000. It is contended by plaintiff that, at that time, $70,000 had been invested. The property was sold subject to a $26,000 mortgage. At the time it was sold, the parties acquired a piece of real estate which adjoined the restaurant. They later leased this tract to a real estate developer. They have since been receiving rentals therefrom. We gather from the record that the proceeds of the sale of the roadside restaurant and of other property and the rentals from the adjoining real estate have been deposited in an escrow account which is in the custody of a Duluth attorney. At oral argument counsel agreed that there is in this account at the present time $29,000 and that each party has a one-half interest in it.

After the property was sold in 1960, plaintiff was not satisfied with defendant's accounting of the disposition of the property and the proceeds derived from the business during the years of its operation. He accordingly asked defendant for the account books and canceled checks relating to the operation of the business. After a delay of about 2 years, this material was furnished to him. He turned it over to his accountant for an examination, and after another delay of 6 years, plaintiff instituted this action, claiming that his brother had improperly appropriated certain sums of money to his personal use. Plaintiff seeks an accounting and judgment directing the escrow agent to turn over to him such amount as the court might find that his brother had misappropriated. A more detailed statement of the facts will not be attempted. It is sufficient to say that a mass of documentary evidence supported by inconsistent and contradictory testimony on both sides was submitted to the trial court. Plaintiff accused defendant of prevarication and suppression of evidence while defendant asserted that "[p]laintiff's case is replete with half truths and outright purposeful concealment of pertinent facts." Neither party requested the trial court to appoint a referee to examine the books and records of the business, and it appears that both were satisfied to burden the court with a confused record.

In his findings, the trial court determined that the parties entered into an accord and satisfaction at the time the restaurant was sold in 1960 and therefore denied the relief sought by plaintiff. While the evidence supporting this finding is not overwhelming, we agree with the trial court that the evidence relating to their dealings and "the conduct of the parties" subsequent to reaching the accord and satisfaction is all consistent with the trial court's conclusions. In his memorandum accompanying the findings, the trial court said:

"This Court has repeatedly viewed and reviewed its minutes in this matter and must conclude that the record herein contains a plethora of minutia and dearth of substance. Plaintiff herein

was obliged to sustain the burden of proof of the allegations in his complaint but the Court is of the opinion that plaintiff so vacillated in both his testimony and in the theory upon which he sought relief from the Court that he has utterly failed to sustain this burden."

It is unnecessary for us to go into an extended discussion of the evidence to demonstrate the correctness of the findings of the trial court. Ordinarily the question of accord and satisfaction is one of fact to be determined by the jury or the court sitting in its stead. The findings of the court are entitled to the same weight as the verdict of a jury, and they will not be reversed on appeal unless they are manifestly and palpably contrary to the evidence. Viewing the evidence in the light most favorable to the prevailing party, as we are required to do, we are constrained to the view that the record reasonably supports the findings and conclusion of the trial court. Miller v. Snedeker, 257 Minn. 204, 101 N. W. (2d) 213; Butch Levy Plumbing & Heating, Inc. v. Sallblad, 267 Minn. 283, 126 N. W. (2d) 380; Breen v. Cameron, 132 Minn. 357, 157 N. W. 500; Donovan v. Dixon, 261 Minn. 455, 113 N. W. (2d) 432; Boulevard Plaza Corp. v. Campbell, 254 Minn. 123, 94 N. W. (2d) 273; Holt v. Swenson, 252 Minn. 510, 90 N. W. (2d) 724; Nielsen v. City of St. Paul, 252 Minn. 12, 88 N. W. (2d) 853; Ketterer v. Independent School Dist. No. 1, 248 Minn. 212, 79 N. W. (2d) 428; Olson v. Mullen, 244 Minn. 31, 68 N. W. (2d) 640; Loth v. Loth, 227 Minn. 387, 35 N. W. (2d) 542, 6 A. L. R. (2d) 176; 1 C. J. S., Accord and Satisfaction, §§ 48a, 48c, and 49b; 1 Am. Jur. (2d) Accord and Satisfaction, § 55.

Affirmed.