# MYLES S. ROADERICK v. LULL ENGINEERING COMPANY, INC.

208 N. W. 2d 761.

June 22, 1973—No. 43881.

*Carlsen, Greiner & Law, Wellington H. Law,* and *Jack D. Elmquist,* for appellant.

*Grannis & Grannis, Vance B. Grannis, Sr.,* and *Vance B. Grannis, Jr.,* for respondent.

Heard before Knutson, C. J., and Otis, Todd, and MacLaughlin, JJ.

MacLaughlin, Justice.

This is an appeal by plaintiff, Myles S. Roaderick, from a summary judgment in favor of defendant, Lull Engineering Company, Inc. We reverse.

Plaintiff-employee commenced this action to recover certain commission or bonus payments allegedly due him from defendant-employer. The issue is whether the trial court properly granted summary judgment.

Plaintiff commenced employment as a sales manager for defendant on May 1, 1963, after several meetings to discuss employment terms with LeGrand H. Lull, president of defendant. Plaintiff alleges that he and Lull agreed to various terms of employment, including a salary of $1,500 a month and a commission of 1 percent of all sales above $1,200,000 and $1\frac{1}{2}$ percent of all sales above $2,200,000. Plaintiff had his attorney prepare a contract containing the terms of the alleged employment agreement and presented it to Lull. The contract, in addition to the other terms, provided for a minimum of 2 years' employment. Although plaintiff requested Lull to sign the contract on several occasions, Lull refused to do so. In a deposition, Lull said that he kept the contract in his files, and in a written statement dated April 7, 1966, Lull stated, "* * * I took the position of waiting to see if he was going to press demands as stated in his contract."

Plaintiff's employment was terminated by defendant on about March 13, 1969. During the period of his employment plaintiff received the monthly salary of $1,500 and several bonuses in varying amounts at indefinite times. Plaintiff alleges that the bonuses were substantially less than the commissions agreed upon. Accordingly, plaintiff brought this action to recover the unpaid commissions based either upon a breach of an express

oral contract or upon the theory of quantum meruit or unjust enrichment. Defendant has conceded that for the purpose of considering the summary judgment we should assume there was an oral contract between the parties.[1]

The ultimate issue is whether defendant's motion for summary judgment was properly granted. Summary judgment is proper only when there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. Rule 56.03, Rules of Civil Procedure. In deciding this issue, we must resolve questions involving the statute of limitations, the statute of frauds, and the doctrine of accord and satisfaction.

1. We are satisfied that the statute of limitations precludes plaintiff's claim with the exception of the 2-year period prior to the commencement of the action. Minn. St. 541.07, the statute of limitations, provides in part:

"Except where the uniform commercial code otherwise prescribes, the following actions shall be commenced within two years:

\* \* \* \* \*

(5) For the recovery of wages or overtime or damages, fees or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages, fees or penalties. (The term 'wages' as used herein shall mean all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists and the term 'damages,' as used herein, shall mean single, double, or treble damages, accorded by any statutory cause of action whatsoever and whether or not the relationship of master and servant exists)."

We have held that contractual, as well as statutory, wage claims are governed by the 2-year limitation prescribed by

[1] In the event of a trial, defendant has reserved the right to contest the question of whether the parties entered an oral agreement.

§ 541.07(5). Kohout v. Shakopee Foundry Co. 281 Minn. 401, 162 N. W. 2d 237 (1968). Further, it is our opinion, based upon the broad definition of wages stated in the statute, that claims for wages based on quantum meruit are also controlled by the statute. This action was commenced on June 16, 1969. Therefore, all claims which accrued more than 2 years prior to that date are barred, and the cause of action, if any, must be for the period June 16, 1967, to May 13, 1969, the date of the termination of plaintiff's employment.

2.   Section 513.01, the statute of frauds, provides in part:

"No action shall be maintained, in either of the following cases, upon any agreement, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party charged therewith:

(1)   Every agreement that by its terms is not to be performed within one year from the making thereof * * *."

The unsigned written contract which plaintiff alleges is the substance of the oral agreement provides for a minimum of 2 years' employment. Therefore, unless an exception applies, no action can be maintained on the alleged oral agreement because of the statute of frauds. Plaintiff argues that the rule that part performance by one party will take a contract out of the statute of frauds should apply to this case. However, it is generally held that the uncompleted part performance of an oral contract for employment, not to be performed within 1 year, does not take the contract out of the statute of frauds. Annotation, 6 A. L. R. 2d 1053, 1074. Since the doctrine of part performance does not remove the oral contract from the statute of frauds, an action based on oral contract is foreclosed.

3.   It is well established, however, that in an action based on quantum meruit the reasonable value of services performed under an unenforceable oral contract of employment is recoverable even though the contract action is barred by the statute of frauds. See, e.g., Wise v. Midtown Motors, Inc. 231 Minn. 46, 42 N. W. 2d 404 (1950). Thus, unless precluded as a matter of law

by the doctrine of accord and satisfaction, plaintiff has a valid cause of action in quantum meruit for his alleged claim for the period June 16, 1967, to the termination of his employment.

4.  Accord and satisfaction acts to discharge a contract or a cause of action. It is itself an executed contract, and it may be expressed or implied from circumstances which clearly and unequivocally indicate the intention of the parties. 1A Dunnell, Dig. (3 ed.) § 34. If the accord constitutes a binding contract and is fully performed, the original liability is discharged. Don Kral Inc. v. Lindstrom, 286 Minn. 37, 173 N. W. 2d 921 (1970).

Defendant contends that plaintiff's acceptance of various bonus checks constitutes an implied accord and satisfaction which bars this action. The acceptance of regularly tendered paychecks over a period of time with knowledge that they are tendered with the intent that they entail full payment may constitute an accord and satisfaction. Putnam v. Gordon Jensen, Inc. 272 Minn. 532, 139 N. W. 2d 266 (1965); Oien v. St. Paul City Ry. Co. 198 Minn. 363, 270 N. W. 1 (1936). Before the acceptance of a paycheck by an employee can constitute an accord and satisfaction, it must appear that the employer made it clear that he knew the employee might dispute the amount and that he intended the check to be full payment for the employee's services. Lundeen v. Cozy Cab Mfg. Co. 288 Minn. 98, 179 N. W. 2d 73 (1970). In the instant case, based upon the depositions of plaintiff and Lull, the bonus payments were sporadic, were made in varying amounts, and were apparently made at the whim of the employer. We cannot say, as a matter of law, that Lull intended the bonus checks to be full payment of plaintiff's claims. Our judgment is supported by the evidence that Lull "took the position of waiting to see if [plaintiff] was going to press demands as stated in his contract." Ordinarily, the question of accord and satisfaction is one of fact to be determined by the court or jury. Bloomer v. Bloomer, 289 Minn. 481, 185 N. W. 2d 520 (1971).

We have concluded that there is a genuine issue of material

fact whether the doctrine of accord and satisfaction precludes plaintiff's quantum meruit action. Therefore, we hold that it was error to grant summary judgment in favor of defendant under the facts of this case. Plaintiff is entitled to a trial on the merits of his quantum meruit action for alleged claims against defendant for the period June 16, 1967, to the date of termination of his employment.

Reversed.