## DONALD WORWA v. SOLZ ENTERPRISES AND OTHERS.

238 N. W. 2d 628.

February 6, 1976—No. 45585.

*Alan J. Schunk,* for appellant.

*Holmes, Eustis, Kircher & Graven* and *David L. Graven,* for respondents.

Heard before Peterson, Todd, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an appeal from a summary judgment for defendants in the Hennepin County District Court. Plaintiff had brought an action to recover a sum of money allegedly owed him under an oral contract.

About March 15, 1968, plaintiff allegedly entered into an oral agreement with defendants whereby plaintiff was to perform services in connection with the purchase by defendants of Worwa's Bar and Cafe. Plaintiff was in bankruptcy as was the corporation, controlled by him and his father, which owned the bar-restaurant. Plaintiff allegedly was to perform for a period of 2 years for a salary of $15,000 per annum.[1] According to plaintiff, he was to help develop business for the restaurant, help manage the business, and introduce the new owners to various people. On May 24, 1968, plaintiff received a loan or payment of $2,000 from an alleged agent of defendants. Plaintiff did not receive any more money from defendants. Before expiration of the 2-year period, defendants refused plaintiff's services.

Plaintiff did not serve defendants with a summons and complaint until May 24, 1974. Defendants pleaded as affirmative defenses the

---

[1] Plaintiff's father allegedly entered into an identical oral contract on the same date.

statute of frauds and the statute of limitations. On July 2, 1974, defendants moved for summary judgment. On July 17, plaintiff filed a motion to amend his complaint to allege the existence of an oral covenant not to compete with defendants for 5 years within a 2-mile radius for a price of $30,000, as a substitute for his original claim for that amount. On July 22, defendants filed a reply memorandum to the amended complaint. On July 30, 1974, the court ordered summary judgment for defendants and denied plaintiff's motion to amend the complaint.

The issues presented are:

(1) Did the trial court err in ordering summary judgment for defendants on the grounds of noncompliance with the statute of frauds?

(2) Did the trial court err in ordering summary judgment for defendants on the grounds of noncompliance with the statute of limitations?

The rule regarding summary judgment is stated in the Rules of Civil Procedure, Rule 56.03:

"* * * Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law."

In the instant case, the district court granted summary judgment on the grounds that (1) the alleged oral agreement involved could not have been performed within 1 year and thus is barred from enforcement by Minn. St. 513.01,[2] and (2) plaintiff's action is barred by the 2-

---

[2] Minn. St. 513.01, provides as follows: "No action shall be maintained, in either of the following cases, upon any agreement, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party charged therewith:

"(1) Every agreement that by its terms is not to be performed within one year from the making thereof;

"(2) Every special promise to answer for the debt, default or doings of another;

"(3) Every agreement, promise, or undertaking made upon consideration of marriage, except mutual promises to marry;

"(4) Every agreement, promise or undertaking to pay a debt which has been discharged by bankruptcy or insolvency proceedings."

year statute of limitations relating to wages found in Minn. St. 541.07.[3]

Plaintiff alleges that defendants could have paid him the full amount promised for his services within 1 year and, therefore, his cause of action is in compliance with the statute of frauds. This is not an accurate recital of the terms of the agreement as alleged in the trial court, however. According to plaintiff's deposition, defendants agreed to pay $15,000 per year for 2 years of services rendered.[4] Such an agreement plainly cannot be performed within 1 year.

It should be noted that the trial court correctly found that the $2,000 payment or loan to plaintiff alleged to be part performance of the contract does not take an oral contract for employment out of the statute of frauds. Roaderick v. Lull Engineering Co. Inc. 296 Minn. 385, 208 N. W. 2d 761 (1973). The trial court also correctly noted that, contrary to plaintiff's claims, the alleged contract was not a completed contract so as to transform the agreement into an executed contract and thereby avoid the statute of frauds.

There is a dispute as to whether plaintiff's claim is one for wages or for a general breach of contract. The former has a 2-year statute of limitations under Minn. St. 541.07(5). The latter has a 6-year statute of limitations under Minn. St. 541.05(1).[5] The trial court cited Roaderick v. Lull Engineering Co. Inc. *supra,* for the proposition that contractual wage claims are governed by the 2-year statute. See, also, Kohout v. Shakopee Foundry Co. 281 Minn. 401, 162 N. W. 2d 237 (1968).

---

[3] Minn. St. 541.07, provides, in part: "* * * [T]he following actions shall be commenced within two years:

\* \* \* \* \*

"(5) For the recovery of wages or overtime or damages, fees or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages, fees or penalties. (The term 'wages' as used herein shall mean all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists * * *);"

[4] According to plaintiff's deposition, defendants actually paid his father $160 per week up to a total of $30,000 for the stock of Worwa's Bar and Restaurant, Inc.

[5] Minn. St. 541.05, provides, in part: "* * * [T]he following actions shall be commenced within six years:

"(1) Upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed;"

The alleged agreement was essentially a wage contract. Plaintiff states that he was to be paid on a weekly basis for 2 years. Plaintiff was to tell former customers that the business would be reopened under new management. He was to introduce the new owners and help them manage the business. The services were to be performed at the bar and restaurant.

Plaintiff argues that his imprisonment for crimes committed in 1971 and 1972[6] tolls the statute of limitations on his cause of action under Minn. St. 541.15. However, plaintiff's cause of action arose as early as May 1968, after he received the last partial payment, and the 2-year statute of limitations would have barred his action as early as 1970, which was before his imprisonment.

Plaintiff's motion to amend the complaint to allege a covenant not to compete was denied by the trial court. The court's discretion to grant or deny such motions could have been exercised in plaintiff's favor without changing the result. By its terms, this alleged oral contract could not be performed within 1 year and, thus, is unenforceable because of the statue of frauds, Minn. St. 513.01. Since this is true, we do not consider whether it would otherwise be enforceable if established.

Affirmed.

---

[6] Plaintiff was convicted of interstate theft of a motor vehicle in 1971 and forgery in 1972.