James R. GRIFFIN, Plaintiff,

v.

AMERICAN MOTORS SALES
CORPORATION, Defendant.

No. Civ. 4–85–450.

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 4, 1985.

Joseph F. Schmidt, Minneapolis, Minn., for plaintiff.

Roy S. Ginsburg, Dorsey & Whitney, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on defendant's motion for summary judgment. The Court will grant defendant's motion.

FACTS

Plaintiff James R. Griffin alleges that defendant American Motors Corp. wrongfully discharged him in violation of his employment contract. Plaintiff did not have an express written employment contract with defendant, rather, he alleges that a de facto contract of employment existed by virtue of defendant's written manuals, policy statements and oral assurances. Plain-

tiff's claim of contractual breach is based on the decisions of the Minnesota courts in *Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn.1983), establishing a cause of action for breach of contract based on certain guarantees which appeared in an employee handbook, and *Eklund v. Vincent Brass and Aluminum Co.*, 351 N.W.2d 371 (Minn.App.1984), recognizing a cause of action on an oral contract of employment. The essence of plaintiff's complaint is that he was discharged solely because of his immediate supervisor's personal dislike for him.

For purposes of this motion only, defendant is willing to concede that defendant's "written manuals, policy statements and oral assurances" constituted an employment contract, and that the terms of that contract were breached. Defendant nevertheless urges this motion for summary judgment in its favor, on the ground that plaintiff's action is time-barred.

Plaintiff's employment was terminated by defendant on March 12, 1979. This action was not commenced until February 26, 1985; a nearly six-year delay. It is defendant's position that the limitations period applicable to a *Pine River* wrongful discharge action is the two-year period of Minn.Stat. § 541.07(5), providing for the recovery of wages and related damages.[1]

Plaintiff argues in the alternative that (1) Michigan and not Minnesota law controls this action, and hence the six-year limitations period of the Michigan Statute, Mich. Comp.Laws Ann. § 600.5807(8), for breach of an employment contract applies; or (2) the Minnesota statute for breach of contract, Minn.Stat. § 541.05, subd. 1(1), with its six-year limitations period applies to plaintiff's claim,[2] and not the section 541.-07(5) statutory period for a wages recovery action.

## DISCUSSION

### 1. Choice of Laws—Applicable Law

The jurisdictional basis of the instant case is the diversity jurisdiction of the federal courts, 28 U.S.C. § 1332.[3] In diversity cases the federal courts are bound to apply the choice of law principles of the forum state. *Klaxon v. Stentor Electrical Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1940). Minnesota choice of law principles dictate that where the conflict is between substantive laws of the states, the better law methodology adopted by the Minnesota Supreme Court in *Milkovich v. Saari*, 295 Minn. 155, 203 N.W.2d 408 (1973) is determinative.[4] When the conflict is between procedural laws, however, the United States Court of Appeals for the Eighth Circuit in *Cuthbert-*

---

1. Minn.Stat. § 541.05 provides:

 Subdivision 1. Except where the uniform commercial code otherwise prescribes, the following actions shall be commenced within six years:

 (1) Upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed;

2. Minn.Stat. § 541.07 provides:

 Except where the uniform commercial code or this section otherwise prescribes, the following actions shall be commenced within two years:
 . . . .
 (5) For the recovery of wages or overtime or damages, fees or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages. . . .

3. Plaintiff is a Minnesota resident; defendant is a Delaware corporation with its principal place of business in Michigan.

4. Minnesota choice of law principles dictate that in an action for breach of contract the five

factor test of *Milkovich v. Saari*, 295 Minn. 155, 203 N.W.2d 408 (1973), is determinative. *Hime v. State Farm Fire & Casualty Co.*, 284 N.W.2d 829 (Minn.1979). In *Milkovich*, the Minnesota courts abandoned the traditional *lex loci* test in favor of a "methodology of analysis" in which five factors are to be consulted in determining the governing law:

 (1) predictability of result;
 (2) maintenance of interstate and international order;
 (3) simplification of the judicial task;
 (4) advancement of the forum's governmental interest;
 (5) application of the better rule of law.

*Hime*, 284 N.W.2d at 833. The Court must determine as an initial matter whether the contacts with the forum state are sufficient to make application of that state's law consistent with due process. *Hime*, 284 N.W.2d at 832, *citing Clay v. Sun Ins. Office, Ltd.*, 377 U.S. 179, 182, 84 S.Ct. 1197, 1198, 12 L.Ed.2d 229 (1964).

*son v. Uhley,* 509 F.2d 225 (8th Cir.1975) found that Minnesota follows the rule that the procedural laws of the forum state apply automatically without reference to the *Milkovich* standards. *Cuthbertson,* 509 F.2d at 226. *See American Mutual Liability Ins. Co. v. Reed Cleaners,* 265 Minn. 503, 122 N.W.2d 178, 180, n. 1 (1963); *Allen v. Nessler,* 247 Minn. 230, 76 N.W.2d 793, 798–99 (1956); *Knipfer v. Buhler,* 227 Minn. 334, 35 N.W.2d 425, 426 (1948); *In Re Daniel's Estate,* 208 Minn. 420, 294 N.W. 465, 469 (1940); *Weston v. Jones,* 160 Minn. 32, 199 N.W. 431, 432–433 (1924); *Restatement, Second, Conflict of Laws* § 142; Leflar, *American Conflicts Law* 303–305 (1968). Statutes of limitations are "procedural" and not "substantive;" hence, the federal courts are bound to observe Minnesota's statutory limitations period when applying Minnesota law in a diversity action. *Cuthbertson,* 509 F.2d at 226.

## II. Minnesota Statutory Limitations Periods in a Pine River Action

Given that Minnesota law governs this action, the next issue before the Court is whether the two-year limitations period of Minn.Stat. § 541.07(5) or the six-year limitations period of Minn.Stat. § 541.05, subd. 1(1) applies in a *Pine River* wrongful discharge chase. In *Pine River State Bank v. Mettille,* 333 N.W.2d 622 (Minn.1983) the Minnesota Supreme Court recognized a cause of action for breach of an employment contract consisting of procedural termination guarantees appearing in an em-

ployee handbook. For purposes of this motion, defendant admits that it was engaged in a *Pine River* contractual relationship with the plaintiff, based on defendant's written manuals, policy statements, and oral assurances. Neither *Pine River, Eklund v. Vincent Brass* (recognizing cause of action for oral contract of employment), nor subsequent decisions of the Minnesota courts have established a limitations period in a de facto employment contract setting.[5]

■ In a line of cases predating *Pine River,* however, the Minnesota courts clearly established that an action for breach of a contract of employment, whether oral or written, is governed by the two-year limitations period of Minn.Stat. § 541.07(5). In *Kohout v. Shakopee Foundry Co.,* 281 Minn. 401, 162 N.W.2d 237 (1968) it was declared that a claim of breach of the terms of a collective bargaining agreement was governed by the two-year limitations period of section 541.07(5).[6] The *Kohout* court stated:

> [I]n the absence of some valid reason for treating common-law wage claims differently from those arising under a statute, we hold they are both governed by the 2-year limitation prescribed by Minn.St. 541.07(5).

162 N.W.2d at 239.

In *Roaderick v. Lull Engineering Co.,* 296 Minn. 385, 208 N.W.2d 761 (1973) the section 541.07(5) limitations period was ap-

---

**5.** The only case to which the Court's attention has been drawn in which the issue has been addressed is *Portlance v. Golden Valley State Bank,* Henn.Co.File. No. 84–02682 (Aug. 16, 1985) (Durda, J.). There, the Minnesota district court found the six-year limitations period of section 541.05, subd. 1(1) applicable in a *Pine River* action. In that case, however, plaintiff sought reinstatement and incidental and consequential damages in addition to back pay. In the instant case, plaintiff seeks only wages.

The Court finds doubtful the *Portlance* court's reliance on a distinction in the damages sought. Under such a scheme, *Pine River* plaintiffs could willfully manipulate the applicable limitations period through a simple choice of damages pled. Minn.Stat. § 541.07(5) provides that "the term 'wages' means *all remuneration* for servic-

es or employment." (Emphasis added.) It seems unlikely that the Minnesota Legislature envisioned one limitations period for a wages claim, and another completely different limitations period in an action for wages plus reinstatement.

**6.** *See also Funchie v. Packaging Corp. of America,* 494 F.Supp. 662 (D.Minn.1980), holding that the section 541.07(5) period applied to a claim of lost wages and benefits under a collective bargaining agreement under Minnesota law. *Brotherhood of Railway and Steamship Clerks v. State,* 303 Minn. 178, 229 N.W.2d 3 (1975), holding that the two-year limitations period applied for recovery of back wages in a dispute involving alleged racial discrimination against two black employees.

plied in a claim for breach of an *oral* contract of employment. In *Worwa v. Solz Enterprises, Inc.*, 307 Minn. 490, 238 N.W.2d 628 (1976) the Minnesota Supreme Court reaffirmed that a claim for breach of an oral contract of employment was essentially a section 541.07(5) wages action, not a section 541.05 contract action, and that the two-year limitations statute governed.

The only case contrary to this line of authority is *Buchholtz v. Swift & Co.*, 62 F.R.D. 581 (D.Minn.1973), in which the section 541.05, subd. 1(1) limitations period was held applicable to an employee's joint claims against his employer and his union. *Buchholtz* is not controlling for two reasons.

First, *Buchholtz* was an action brought under section 301 of the Federal Labor Management Relations Act, 29 U.S.C. § 185(a), not a state law breach of employment contract case.

Second, *Buchholtz* was not a discharge case. In that case former employees sought unpaid vacation benefits. The essence of the *Buchholtz* cause of action was for breach of a collective bargaining agreement by the employer and breach of the union's duty of fair representation. Finally, the Court notes that *Buchholtz* is no longer good law. When faced with precisely the same issue—an employee's claim against the employer for breach of a collective bargaining agreement and against the union for breach of the duty of fair representation—the United States Supreme Court in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) held the six-year limitations period provided by state law inapplicable, opting instead for the six-month limitations period of section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). The *DelCostello* Court expressly found that the six-year limitations period for breach of contract provided by state law was "too long" in a labor

context, 103 S.Ct. at 2291, relying on *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). An employer must know with reasonable certainty the nature and extent of potential legal liabilities against him. A waiting period of up to six years impairs the employer's ability to plan effectively, and to assess the state of current operations. As stated in *Peterson v. Parsons*, 73 F.Supp. 840, 847 (D.Minn.1947):

> [T]here is nothing which an employer can do about determining the [wage claims against him] prior to the commencement of actions against him unless he engages in declaratory judgment litigation.

The Supreme Court in *DelCostello* found and the Court agrees that a limitations period shorter than the six-year breach of contract limitations period is necessary in the employment context to assure certainty in labor relations.

The fact that plaintiff's is a *Pine River* claim does not change the analysis. As in *Kohout, Roaderick*, and *Worwa*, plaintiff's is essentially a claim for breach of an oral contract of employment. The fact that some of the terms of the contract are drawn from defendant's written manuals and policy statements on the strength of *Pine River* does not alter the conclusion reached in *Kohout* and progeny that a claim under an oral contract of employment is essentially a wages claim and not a contract action. The same policy concerns militating in favor of the shorter section 541.-07(5) limitations period—certainty in labor relations, the speedy resolution of labor disputes [7]—are present in a *Pine River* wrongful discharge case.

Plaintiff's cause of action arose on March 12, 1979, more than four years prior to the Minnesota Supreme Court's *Pine River* decision.[8] Nevertheless, the state of the law on the date plaintiff's cause of action arose was as established in *Kohout*

---

**7.** *See Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 707, 86 S.Ct. 1107, 1114, 16 L.Ed.2d 192 (1966). (The relatively rapid disposition of labor disputes is a goal of federal labor law.)

**8.** *Pine River* was decided April 29, 1983.

and related cases; a two-year statute of limitations in an action for the breach of an oral contract of employment. The fact that *Pine River* subsequently strengthened plaintiff's claim does not alter the fact that at the time that case was decided he had already allowed the section 541.07(5) limitations period to run.

Plaintiff appears to be attempting to resurrect a stale claim given greater substance by *Pine River.* Nothing in *Pine River* or subsequent decisions of the Minnesota courts authorizes such a revival of a long-neglected action.

## III. Tolling of the Section 541.07(5) Limitations Period

Defendant's final arguments are that: (1) the running of the section 541.07(5) limitations period should be tolled during the pendency of plaintiff's administrative complaint before the Minnesota Department of Human Rights; (2) defendant's wrong was "ongoing," so that section 541.07(5) operates to deprive plaintiff of his claim for the period March 12, 1979 to March 28, 1983 only, and not for the two years immediately preceding the filing of this action.[9]

### A. Tolling

Plaintiff filed a complaint with the Minnesota Department of Human Rights shortly after the termination of his employment, alleging age discrimination. His claim took more than five years to process, culminating in the Department's decision not to pursue the complaint. It was after receiving notification of this decision of the Commission, plaintiff contends, that he filed the instant suit. Plaintiff's position is that the section 541.07(5) period should be tolled while his claim was pending before the Commission.

 Minnesota law is silent on the tolling of claims during the pendency of an administrative proceeding. In *Soriano v. United States,* 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957) the United States Supreme Court held that the filing of an administrative claim did not toll the limitations provisions of the Tucker Act where the administrative proceeding was not a prerequisite to filing suit. Plaintiff's age discrimination claim was not a prerequisite to the instant suit; in fact, the claims appear to be totally unrelated, inasmuch as plaintiff does not allege in this action that his firing was based on age. The section 541.07(5) limitations period was not tolled while plaintiff pursued administrative remedies.

### B. "Ongoing" Breach

Plaintiff next argues that because defendant's breach of contract was "ongoing," the section 541.07(5) statute of limitations ran only as to the first four years of his claim, and not as to the two years immediately preceding the filing of this action. In *Brotherhood of Railway and Steamship Clerks v. State,* 303 Minn. 178, 229 N.W.2d 3 (1975) a racial discrimination claim was found to be "ongoing," so that a cause of action which arose in 1960 was not barred by the applicable six-month limitations period when brought in 1966. In that case, however, plaintiff employees remained on the defendant employer's payroll. The effect of the discriminatory practice was not discharge, but rather a reduction in wages and loss of seniority. Where an employee is discharged, the Minnesota Supreme Court in *Richardson v. School Board of I.S.D. No. 271,* 297 Minn. 91, 210 N.W.2d 911 (1973) has stated that the date of discharge commences the statutory period of limitations. 210 N.W.2d at 916. While recognizing that acts continuing in nature would toll the applicable statute of limitations, the *Richardson* court declared that an "act of discharge was a single discriminatory practice, *not continuing in nature....*" *Railway Clerks,* 229 N.W.2d at 12 (emphasis added), *citing Richardson,* 210 N.W.2d at 916. The fact that damages continue to accrue from date of discharge to date of trial in a *Pine River* case, *Pine River,* 333 N.W.2d at 632, does not aid plaintiff inasmuch as any recovery is ulti-

---

9. Plaintiff's claim was filed March 28, 1985. Plaintiff was discharged March 12, 1979.

mately permised upon a timely filing of the complaint.

 Plaintiff is not confronted with an ongoing disavowal of the terms of an employment contract, as in *Railway Clerks,* but with one rather dramatic breach, which completely severed the contractual relationship, and which took place nearly six years ago. The date of discharge triggers the running of the statutory period in a *Pine River* discharge action.[10]

It is never satisfying to deny a party an opportunity to present its case on the ground that the applicable statute of limitations has run. Nevertheless, in some circumstances even a sympathetic claim must be so denied.

Based on the foregoing, IT IS ORDERED that defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

**10.** *See also Honn v. National Computer Systems, Inc.,* 311 N.W.2d 1 (Minn.1981) in which the Minnesota Supreme Court declared "[w]here a money obligation is payable in installments, the general rule is that a separate cause of action arises on each installment and the statute of limitations begins to run against each installment when it becomes due." *Honn,* 311 N.W.2d at 2. That case concerned a section 541.05(1) contract action, however, not a section 541.07(5) wages claim. Further, the rationale supporting a payment date determinative limitations period in an installment contract setting is simply not present in a wrongful discharge case. The danger that failure to litigate a single missed installment will void a contract breach action years later does not arise when discharge itself constitutes the sole wrongful act.