Jack C. **PORTLANCE**, Respondent,

v.

**GOLDEN VALLEY STATE BANK**, Appellant.

No. CX–86–1315.

Supreme Court of Minnesota.

May 8, 1987.

Roy A. Ginsberg and William B. Dawson, Minneapolis, for appellant.

Thomas B. Hatch, Minneapolis, for respondent.

COYNE, Justice.

Golden Valley State Bank appeals from the order denying its motion for summary judgment and certifying the following question as important and doubtful:

> Does the two-year limitations period of Minn.Stat. 541.07(5) or the six-year limitations period of Minn.Stat. 541.05, subd. 1(1) govern in a *Pine River* wrongful discharge case?

On March 26, 1981, Jack Portlance, an assistant vice president and loan officer, was summarily discharged after almost 10 years of service with the bank. Almost three years later, on or about February 10, 1984, Portlance instituted this action alleging breach of his employment contract as modified by certain terms and conditions set out in an employee manual dated January 1, 1980. His claim, based on *Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn.1983), is that the bank breached the employment contract contained in the employee handbook by discharging him without proper cause and without giving him an opportunity to improve his performance.

The bank moved for summary judgment pursuant to Rule 56.02 of the Minnesota Rules of Civil Procedure, contending that the action is barred by the two-year statute of limitations of Minn.Stat. § 541.07(5) (1986).[1] The district court denied the motion but certified the question of the applicable limitation period as important and doubtful.

Minn.Stat. § 541.05, subd. 1 (1986), the general statute of limitations applicable to contract actions, provides in pertinent part as follows:

> Except where the uniform commercial code otherwise prescribes, the following actions shall be commenced within six years:
>
> (1) Upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed;

Minn.Stat. § 541.07(5) (1986), however, sets a two-year limitation applicable only to wages and related damages:

> Except where the uniform commercial code or this section otherwise prescribes, the following actions shall be commenced within two years:
>
> *    *    *    *    *    *

---

1. The bank interposed an answer denying that the employee manual constituted an employment contract and also denying, if the manual should be considered a contract, any breach of its terms. Of course, for purposes of its motion and this appeal, the bank concedes both.

(5) For the recovery of wages or overtime or damages, fees or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages, fees or penalties except, that if the employer fails to submit payroll records by a specified date upon request of the department of labor and industry or if the nonpayment is willful and not the result of mistake or inadvertence, the limitation is three years. (The term "wages" means all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists and the term "damages," means single, double, or treble damages, accorded by any statutory cause of action whatsoever and whether or not the relationship of master and servant exists);

Early federal court decisions in cases arising under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 *et seq.*, suggested that the scope of section 541.07(5) might be confined to statutory wage claims. *Peterson v. Parsons*, 73 F.Supp. 840, 843 (D.Minn.1947); *Smith v. Cudahy Packing Co.*, 73 F.Supp. 141, 143 (D.Minn.1947). Subsequent to its 1953 amendment, however, this court afforded section 541.07(5) considerably broader application. Declaring that it could discern no rational basis for treating common law wage claims differently from those arising under statute, this court, in *Kohout v. Shakopee Foundry Co.*, 281 Minn. 401, 162 N.W.2d 237 (1968) (an action to recover vacation pay under a collective bargaining agreement), held that both are governed by the two-year limitation prescribed by Minn.Stat. § 541.07(5).

In *Roaderick v. Lull Engineering Company, Inc.*, 296 Minn. 385, 387–88, 208 N.W.2d 761, 763 (1973), an action based on quantum meruit for the recovery of the reasonable value of services performed under an unenforceable oral contract, the portion of the claim which had accrued more than two years before the commencement of the action was held barred by the limitation prescribed by section 541.07(5).

Then in *Worwa v. Solz Enterprises, Inc.*, 307 Minn. 490, 238 N.W.2d 628 (1976), this court once again ruled that an action for breach of an oral contract of employment was essentially an action for wages and was subject to the two-year limitation period set by section 541.07(5).

Respondent Portlance contends, however, that this unbroken line of cases recognizes a statute limiting only those actions based on an employer's failure to pay wages due and owing. Apart from the absence of any statutory requirement that the wage claim must be for uncompensated services previously rendered, the contention ignores the factual setting of the *Worwa* decision. There, after paying a portion of the annual salary allegedly agreed upon, the defendant refused plaintiff's services. That the contract was for a definite period rather than one of indefinite duration does not alter the practical effect of the refusal to accept plaintiff's services: it terminated plaintiff's employment. Nevertheless, although the plaintiff's employment had been terminated and his services refused, his action was for wages and was governed by the two-year statute of limitations. *Id.*, 307 Minn. at 492–93, 238 N.W.2d at 631.

Recently, the author of the *Roaderick* opinion, sitting as a federal district judge, applied the two-year limitation period in an action remarkably similar to the present case: the plaintiff alleged that he was discharged in violation of a de facto employment contract arising out of written manuals, policy statements, and oral assurances. *Griffin v. American Motors Sales Corp.*, 618 F.Supp. 455 (D.Minn.1985).

■ In the present case the trial court based its denial of the bank's motion for summary judgment on the nature of the relief which respondent seeks: not only lost income, but also reinstatement, reimbursement of expenses incurred, and damages for emotional distress, mental anguish and humiliation. Apparently respondent now recognizes that the statutory limitations period cannot be manipulated by the relief sought, for on appeal he emphasizes not the nature of the remedy but the na-

ture of the wrong. Assuring us that his action sounds in contract and not in tort, respondent characterizes the action as one for wrongful discharge. He correctly denominates his action as one for breach of contract. Discharge from employment is actionable, if at all, because it constitutes a breach of the employment contract. *See Pine River*, 333 N.W.2d at 627, 628, and cases cited therein. We have frequently stated that the damages recoverable for a breach of contract are only those flowing from the breach except in exceptional cases in which the breach of contract constitutes or is accompanied by an independent tort. *E.g., Wild v. Rarig*, 302 Minn. 419, 440, 234 N.W.2d 775, 789 (1975). More particularly, we have held that the measure of damages for breach of an employment contract is the compensation which an employee who has been wrongfully discharged would have received had the contract been carried out according to its terms. *Zeller v. Prior Lake Public Schools*, 259 Minn. 487, 493, 108 N.W.2d 602, 606 (1961). In *Pine River* we approved an award of damages for breach of an employment contract by wrongful discharge measured by lost wages to the date of trial. 333 N.W.2d at 632.

■ It seems to us that it makes little difference whether the wage claim is based on the failure to pay wages for services which the employer has rendered or refusal to pay wages for services which have been rejected by termination of the employment. Nice distinctions between wages and lost income do not change the nature of the claim. *See Funchie v. Packaging Corp. of America*, 494 F.Supp. 662, 665 (D.Minn. 1980). In either case the gravamen of the action is the breach of an employment contract, and the claim is essentially a claim for wages subject to the two-year limitation prescribed by section 541.07(5). That respondent alleges a claim of the kind known as a *Pine River* claim—that is, an oral employment contract modified by the terms of an employees' manual or handbook—does not change the thrust of the action.

Therefore, we answer the certified question by holding that the two-year limitation period of Minn.Stat. § 541.07(5) (1986) governs an action for wrongful discharge based on an oral contract of employment allegedly modified by an employees' manual or handbook. Because the present action was commenced more than two years after termination of respondent's employment, we also reverse the denial of the motion for summary judgment.

Reversed with direction to enter judgment in favor of appellant Golden Valley State Bank.