Barbara G. KLETSCHKA, Appellant,

v.

ABBOTT–NORTHWESTERN
HOSPITAL, INC.,
Respondent.

No. C3–87–1571.

Court of Appeals of Minnesota.

Jan. 19, 1988.

Review Denied March 30, 1988.

Patrick J. Neaton, Muenzer & Neaton, Minneapolis, for appellant.

Dale E. Beihoffer, David J. Goldstein, Faegre & Benson, Minneapolis, for respondent.

Heard, considered and decided by PARKER, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

FOLEY, Judge.

Appellant Barbara G. Kletschka brought this action against her employer, respondent Abbott–Northwestern Hospital, Inc., alleging discrimation, breach of employment contract and defamation. The complaint originally contained nine causes of action, but appellant stipulated to dismissal with prejudice of five of them. The trial court granted summary judgment on the remaining causes of action and dismissed appellant's complaint with prejudice and costs. We affirm.

## FACTS

Appellant began her employment with respondent in 1955 as a histologist and became supervisor of the histology department in September 1978. Appellant was a vocal supporter of her former supervisor, Lia Ozols, who was terminated in 1979. Ozols commenced a lawsuit against respondent alleging age discrimination, and appellant provided statements and support on her behalf.

On March 28, 1981, appellant was demoted to assistant supervisor of histology. Her salary was not reduced, but she has not received any raises in salary since the demotion. Respondent alleges appellant's poor supervisory skills, specifically in the areas of communication and leadership, and the resulting turmoil in the histology department as reasons for the demotion.

## ISSUES

1. Did the trial court properly grant summary judgment on appellant's claim of reprisal?

2. Did the trial court properly grant summary judgment on appellant's claim of breach of employment contract?

3. Did the trial court properly grant summary judgment on appellant's claim of defamation?

4. Did the trial court abuse its discretion in awarding respondent costs and disbursements?

### ANALYSIS

■ On appeal from summary judgment, it is the function of the appellate court to determine whether genuine issues of material fact exist and whether the trial court erred in its application of the law. *Hunt v. IBM Mid America Employees Federal Credit Union,* 384 N.W.2d 853, 855 (Minn. 1986). Summary judgment is appropriate when the nonmoving party fails to provide the court with specific facts indicating there is a genuine issue of fact. *Id.* In order to successfully oppose a motion for summary judgment, a party cannot rely upon mere general statements of fact but rather must demonstrate at the time the motion is made that specific facts are in existence which create a genuine issue for trial. *Id.*

### 1. *Reprisal*

Appellant claims respondent took several adverse actions against her, including a substitute performance evaluation in July 1979, a three-month probation beginning in July 1980, a denial of a salary increase in January 1980 and a demotion on March 27, 1981, constitute unlawful reprisal for her support of Ozols. It is unlawful for an employer to

> intentionally engage in any reprisal against any person because that person:
> (1) Opposed a practice forbidden under this chapter or has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this chapter * * *.

Minn.Stat. § 363.03 subd. 7 (1980).

■ In construing Chapter 363, the Minnesota Supreme Court has applied principles developed in court decisions under Title VII. *Danz v. Jones,* 263 N.W.2d 395, 399 (Minn.1978). The supreme court has applied the analysis set out in *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) to claims of reprisal. *Hubbard v. United Press International,* 330 N.W.2d 428, 444 (Minn.1983). The plaintiff in a reprisal action bears the burden of establishing a prima facie case. *Id.* The burden of production then shifts to the employer to show some legitimate, nondiscriminatory reason for the demotion. *Id.* at 445. The burden then shifts back to the plaintiff to demonstrate that the articulated reasons were pretextual. *Id.* at 445.

■ Here, the trial court found appellant established a prima facie case of reprisal simply by establishing her participation in the Ozols matter, which was still pending at the time of appellant's demotion. The court further found respondent showed a legitimate, non-retaliatory reason for demoting appellant. However, the court granted summary judgment on the grounds that appellant failed to produce any facts giving rise to a genuine issue of material fact on the question of whether respondent's articulated reason was pretextual. Appellant contends the trial court overlooked a substantial amount of factual information which creates a genuine issue of material fact as to whether respondent's articulated reason was pretextual.

In order to successfully oppose summary judgment, appellant must extract *specific,* admissible facts from the voluminous record and particularize them for the trial judge. The trial court found appellant's affidavit constituted hearsay and thus would not be admissible at trial. The trial court also found appellant's proffered evidence contained no facts to establish her claim that respondent's reason for demotion was pretexual. Appellant has failed to come forward with evidence of material fact issues for trial, and thus summary judgment is appropriate. *See Hunt,* 384 N.W.2d at 855.

## 2. Breach of Employment Contract

■ Appellant contends respondent's policy manual entitled "Employee Discipline/Termination" constitutes an employment contract, and that respondent violated the terms of that contract by demoting her without following the steps required.

Respondent argues this claim is barred by the two-year statute of limitations set forth in Minn.Stat. § 541.07(5) (1980). In *Portlance v. Golden Valley State Bank,* 405 N.W.2d 240 (Minn.1987), the Minnesota Supreme Court held:

> [T]he gravamen of the [wrongful discharge] action is the breach of an employment contract, and the claim is essentially a claim for wages subject to the two-year limitation prescribed by section 541.07(5).

*Id.* at 243. Here, appellant was demoted rather than discharged. Her salary was not reduced, but she has not received any salary increases since demotion. In her complaint, appellant prays for reinstatement to the position of histology supervisor with *back pay* and adjustment of all fringe benefits. The request for back pay is essentially a claim for wages, which, under *Portlance,* is subject to the two-year limitation of Minn.Stat. § 541.07(5).

Appellant was demoted on March 27, 1981. Her complaint was served on July 14, 1983. This cause of action is barred by the statute of limitations.

## 3. Defamation

■ Appellant contends she was defamed by statements made by her supervisor in appellant's November 10, 1981 performance evaluation. The statements at issue are:

> No record of continuing education.
>
> Did not follow through when asked to produce data that would enable a staffing increase for department.

In order for a statement to be considered defamatory it must (1) be communicated to someone other than the plaintiff; (2) it must be false; and (3) it must tend to harm the plaintiff's reputation and to lower him or her in the estimation of the community. *Lewis v. Equitable Life Assurance Society,* 389 N.W.2d 876, 886 (Minn.1986).

The trial court acknowledged a fact issue as to whether the statements defamed appellant. However, the trial court granted summary judgment on the grounds that it was doubtful whether the statements had been published, and, in any event, the statements were privileged.

■ The originator of an untrue defamatory statement will not be held liable if the statement is published under circumstances that make it conditionally privileged and if privilege is not abused. *Id.* at 889. In order to be privileged, a communication

> must be made upon a proper occasion, from a proper motive, and must be based upon reasonable or probable cause. When so made in good faith, the law does not imply malice from the communication itself, as in the ordinary case of libel. Actual malice must be proved, before there can be a recovery, and in the absence of such proof, the plaintiff cannot recover.

*Stuempges v. Parke, Davis & Company,* 297 N.W.2d 252, 256–257 (Minn.1980).

■ Whether an occasion is a proper one upon which to recognize a privilege is a question of law for the court to determine. *Lewis,* 389 N.W.2d at 889. The trial court stated:

> All of the statements of which [appellant] complains were made in the process of reviewing her performance, or at [appellant's] own request. They were based on reasonable grounds, in that [appellant] herself conceded in her deposition testimony that they reflected perceptions widely held within her department.

Respondent is entitled to a qualified privilege.

■ A qualified privilege may be lost if it is abused. *Lewis,* 389 N.W.2d at 890.

Appellant bears the burden of proving abuse. *Id.* Whether a qualified privilege has been lost through abuse, that is, by acting with actual malice, is normally a jury question. *Frankson v. Design Space International*, 394 N.W.2d 140, 144 (Minn. 1986).

To demonstrate malice, appellant must prove respondent "made the statement from ill will and improper motives, or causelessly and wantonly for the purpose of injuring the plaintiff." *Stuempges*, 297 N.W.2d at 257.

■■■ In granting summary judgment, the trial court found appellant had failed to produce evidence of malice. In her brief, appellant contends the performance evaluation was made for the purpose of defeating appellant's claim of unlawful reprisal, and, because the evaluation does not provide an accurate version of the purported basis for appellant's demotion, its "mischaracterization" of the facts gives rise to an inference of malice. This contention is without merit. Appellant has failed to produce evidence of malice, and without such evidence, she cannot sustain her cause of action. Therefore, summary judgment was proper.

### 4. *Award of Costs and Disbursements*

The trial court awarded respondent costs and disbursements in the amount of $3,798.90, which consists of $57 in filing fees and $3,741.90 in depostion expenses incurred in taking six depositions.

Minn.Stat. § 549.04 (1986) provides in part:

> In every action in a district court, the prevailing party * * * shall be allowed reasonable disbursements paid or incurred * * *.

■■■ The decision to allow deposition costs as disbursements rests in the trial court's discretion, and will not be reversed unless the trial court abuses its discretion. *Jonsson v. Ames Construction, Inc.*, 409 N.W.2d 560, 563 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Sept. 30, 1987). The standard by which the court's discretion is measured is whether expenditures are *reasonable. Id.* (emphasis in original).

Here, the costs and disbursements are reasonable. The trial court did not abuse its discretion.

### DECISION

Affirmed.