WOLLMAN, Circuit Judge.
Thomas Botten appeals from the district court’s[1] dismissal with prejudice of his breach of contract claim. We affirm.
In September, 1994, Thomas Botten became PrimeWood Inc.’s President and Chief Operating Officer. The Shormas were PrimeWood’s shareholders. On January 1, 1995, Botten and PrimeWood entered into the PrimeWood Executive Bonus and Deferred Compensation Plan (Employment Agreement).
In early 1998, PrimeWood merged with another company. At this time, Botten asserted that he was entitled to additional compensation under the Employment Agreement with respect to fiscal years ending in 1995, 1996, 1997, and 1998. To facilitate the merger, Botten, the Shormas, PrimeWood, and the parent company entered into an Assignment, Assumption and Novation Agreement (Assignment Agreement) on June 16, 1998. The Assignment Agreement terminated Botten’s Employment Agreement with PrimeWood and provided that the Shormas would assume any liabilities arising out of the Employment Agreement.
On May 21, 2003, Botten made a written demand on the Shormas for recompense. The Shormas rejected the demand, and Botten commenced this lawsuit on or about January 27, 2004. In his breach of contract claim, Botten alleged that Prime-Wood breached the Employment Agreement and that the Shormas were obligated to compensate Botten under the Assignment Agreement. The Shormas moved to dismiss Botten’s complaint under Rule 12(b)(6) arguing that his claims were time-barred under Minnesota’s two-year statute of limitations for wage claims. The district court dismissed the complaint with prejudice, and Botten appeals his breach of contract claim.
We review de novo the district court’s grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6). Stahl v. United States Dep’t of Agric., 327 F.3d 697, 700 (8th Cir.2003). We affirm only if the plaintiff can prove no set of facts that would entitle him to relief. Id.
The parties dispute whether Bot-ten’s claim arose from a general breach of contract, subject to a six-year statute of limitations, or a breach of an employment agreement, subject to a two-year statute of limitations. See Minn.Stat. §§ 541.05(1), 541.07(5) (2005). Minn.Stat. § 541.07(5) provides for a two-year statute of limitations for the recovery of wages or damages related to wages. The statute defines “wages” broadly to include “all remuneration for services or employment, including commissions and bonuses ... where the relationship of master and servant exists.” Id. “Minnesota courts consistently hold that all damages arising out of the employment relationship are subject to § 541.07(5).” Kulinski v. Medtronic BioMedicus, Inc., 112 F.3d 368, 371 (8th Cir.1997) (internal quotations and citations omitted). Here, the complaint specifically alleged that PrimeWood breached the Employment Agreement by failing to pay Bot-ten certain bonuses and incentives. Where the gravamen of the action is a breach of an employment contract, the claim is essentially a claim for wages sub *981 ject to the two-year statute of limitations period set forth in Minn.Stat. § 541.07(5). Portlance v. Golden Valley State Bank, 405 N.W.2d 240, 243 (Minn.1987). Accordingly, we affirm the district court’s application of Minn.Stat. § 541.07(5) to Botten’s breach of contract claim.
Finally, Botten argues that the breach occurred when the Shormas rejected Botten’s written demand for compensation on May 21, 2003. Using this date, Botten’s claims would be timely under either the two-year or the six-year statute of limitations. The cause of action arose, however, when the terms of Botten’s contract were breached. See Levin v. C.O.M.B. Co., 441 N.W.2d 801, 803 (Minn.1989). When a contract sets a date for payment, the statute of limitations begins to run on that date. Honn v. Nat’l Computer Sys. Inc., 311 N.W.2d 1, 2 (Minn.1981). The Assignment Agreement incorporates the Employment Agreement, which provides the schedule for bonus payments and deferred compensation. According to the schedule, the most recent breach was in 1998, more than four years before Botten filed suit. Botten’s claims are therefore time-barred under the two-year statute of limitations.
The judgment is affirmed.

. The Honorable David S. Doty, United States District Judge for the District of Minnesota.