No. 23,192.

THE A. C. HOUSTON LUMBER COMPANY, *Appellant*, v. DEERING J. MARSHALL, *Appellee*.

### SYLLABUS BY THE COURT.

OIL LEASES—*Joint Adventure of Owners in Drilling Test Well—Liability for Debts Contracted for Lumber and Coal.* Owners of separate oil and gas leases each contributed money and property to another to be used in drilling a test well on an oil and gas lease owned by him, each of the contributors to receive a certain named interest in that lease. Another party contracted with the one who was to drill the well to pay one-half of the expense thereof, after deducting what had been contributed by the others, in return for which he should receive one-half of the interest in the lease retained by the owner after giving to the other contributors their respective interests. That one-half was

fully paid, but the lease owner who drilled the well contracted debts for lumber and coal used. *Held*, that the party who paid the one-half of the expense is not liable to the seller for the lumber and coal furnished.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed May 7, 1921. Affirmed.

*J. N. Haymaker, A. V. Roberts,* and *R. E. Angle,* all of Wichita, for the appellant.

*A. L. Noble, Hal M. Black,* and *C. A. McCorkle,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiff seeks to recover for lumber and coal alleged to have been sold and delivered to Deering J. Marshall and the Iroquois Oil and Gas Company. Judgment was rendered in favor of Deering J. Marshall, and the plaintiff appeals.

The Iroquois Oil and Gas Company owned an oil and gas lease in Greenwood county, and desired to drill a test well on its property. Other parties, who owned other oil and gas leases in the vicinity, contributed a portion of the expense of drilling the well for a part interest in the lease of the Iroquois Oil and Gas Company. Deering J. Marshall, who likewise owned oil and gas leases in the vicinity, contracted with the Iroquois Company to pay one-half of the expense of drilling the well, after deducting the amounts contributed by other persons, and to receive from that company one-half of the interest it then retained in its lease. The well was drilled, and Marshall paid all that he had contracted to pay. The Iroquois Oil and Gas Company bought from the plaintiff lumber and coal, which were used in drilling the well, but were not paid for.

The contention of the plaintiff is that the enterprise was a joint adventure of Deering J. Marshall and the others. The court found "for the defendant and against plaintiff, making therein the findings of fact and basing his decision thereon—that the parties did not have an intention to establish the relationship of joint adventure, but were tenants in common."

There was no evidence to show that a partnership existed between the several parties interested in or contributing to the drilling of the well; that the drilling of the well was a joint adventure; that any of the parties interested had held out or represented that they were partners or joint adventurers; that there was any contract between Marshall and any of the others interested in drilling the well; nor that the contract between Marshall and the Iroquois Oil and Gas Company was in any way added to or modified. Deering J. Marshall's liability was fixed by his contract with the Iroquois Oil and Gas Company, and that liability was for one-half of the expense of drilling the well after the other contributions thereto had been deducted.

To have created a partnership, it was necessary that each of the parties should have contracted with all the others. A partnership contract could have been express or implied, but there must have been a contract. A joint adventure could not have been created except in the same way. In 23 Cyc., page 453, it is said:

"The subject of joint adventures is of comparatively modern origin. It was unknown at common law, being regarded as within the principles governing partnerships. While some courts hold that a joint adventure is not identical with a partnership, it is regarded as of a similar nature, and governed by the same rules of law."

The court found that the parties interested in the well were tenants in common, but that does not render Deering J. Marshall liable to the plaintiff for the lumber and coal sold by it to the Iroquois Company. In 38 Cyc., page 101, this language is used:

"Under ordinary circumstances neither tenant in common can bind the estate or person of the other by any act in relation to the common property, not previously authorized or subsequently ratified, for cotenants do not sustain the relation of principal and agent to each other nor are they partners." (See, also, Freeman on Cotenancy and Partition, 2d ed., § 182; 1 Tiffany on Real Property, § 170; 17 A. & E. Encycl. of L., 706.)

This rule is supported by *Greer v. Higgins*, 8 Kan. 519, and *Johnson v. Gas Co.*, 90 Kan. 565, 581, 135 Pac. 589.

The judgment is affirmed.