No. 28,626.

FRANK A. WHAN, *Appellant,* v. GEORGE V. SMITH, *Appellee.*

(285 Pac. 589.)

Opinion filed March 8, 1930.

*C. H. Brooks, Willard Brooks, Howard T. Fleeson* and *H. T. Horrell,* all of Wichita, for the appellant.

*Burt Comer* and *Harold H. Malone,* both of Wichita, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The plaintiff in this action appeals from the ruling of the trial court sustaining a demurrer to his evidence.

The action was upon a written contract, which was fulfilled by the plaintiff, but only in part by the defendant. The answer denied liability under the contract because it was void for uncertainty and indefiniteness and that the failure of fulfillment, which was admitted, was alleged to be not the fault of the defendant, but that of

the plaintiff who had promised to make ready for such fulfillment but had never done so. The plaintiff maintains that the contract calls for fulfillment by defendant by payment of dollars or dollars' worth of property at the option of the defendant if fulfilled promptly, but since prolonged default, it requires payment now only in money.

The court overruled a demurrer to the petition, but suggested the rule of *quantum meruit* might apply, and evidence was introduced largely along that line without any change being made in the petition. In sustaining the demurrer to the evidence of the plaintiff the court did so upon the theory that the contract and the evidence showed nothing more than a joint enterprise or adventure, and that the evidence failed to show the plaintiff entitled to recover anything under such partnership.

The contract as attached to the petition is as follows:

"This agreement, made and entered into this 15th day of February, 1926, whereby and under the terms of which George V. Smith, a sole trustee, doing business as the Lieunette Oil Company, hereinafter called first party, and Frank A. Whan, hereinafter called second party, as follows, to wit:

"That under the terms and conditions hereinafter set forth, first party does hereby employ said second party to drill a well for oil and gas mining purposes, at a location approximately one thousand feet (1,000) west of the northeast corner of lot one (1) of section twenty-seven (27), township twenty-six (26), range nine (9), Greenwood county, Kansas, and first party agrees to pay second party therefor, as is hereinafter set forth, eleven thousand five hundred dollars ($11,500).

"Second party is to furnish the labor, fuel and water, and said amount is to be paid by first party out of said $11,500, and the difference between the amount of labor, fuel and water, and the said $11,500 first party shall pay to second party by delivering to second party certificates of units or shares of stock in the Lieunette Oil Company, which said company shall be capitalized in the amount not to exceed $25,000.

"In addition to the said $11,500 first party shall furnish to second party a new wire line drilling cable thirty-five hundred (3,500) feet in length. First party is to furnish the derrick and casing.    GEORGE SMITH, *First Party.*

FRANK A. WHAN, *Second Party.*"

The uncontradicted evidence is that lot 1, on which the well was to be drilled, contained twenty acres, and the additional holdings of the defendant and the proposed Lieunette Oil Company was a 60-acre tract near by; that the well was drilled by plaintiff and his work completed under the contract; that defendant paid for the labor, fuel and water as the contract required in the sum of $3,-682.51, thus leaving a balance under the contract of $7,817.49, which is the specific sum prayed for by plaintiff to be paid in money since.

the defendant did not exercise his option to pay it promptly in stock of that worth or value. The court intimated that an accounting might be had in this case, but no such evidence was offered, and of course on the joint-adventure theory the evidence was not complete nor sufficient to entitle plaintiff to recover, but the main question on appeal is whether or not the contract and the evidence make this relation of these two parties a joint adventure. As was well said in *Howard v. Zimmerman,* 120 Kan. 77, 79, 242 Pac. 131: "The term 'joint enterprise' is not helpfully elucidated by definition." The opinion then applies the term "enterprise" to the conduct of parties associated together with "equal privilege to control the method and means of accomplishing the common design" and with "equal authority to prescribe conditions of use." The contract itself in the case at bar is silent about the use, control and management of the lease on which the well was to be drilled, and makes no reference to the lease on the sixty-acre tract which it is conceded was considered as belonging to the proposed Lieunette Oil Company. On the face of the contract it would seem more nearly like a joint ownership. Of course, the success or failure of an ownership of any property is in some respects an adventure, but not such as is contemplated in the particular legal use of the term. This contract by itself appears to be no different than if it had provided for a fractional or entire interest in a mercantile business in a neighboring town as compensation for his services in drilling the well, or an undivided interest in a farm. They cannot be made partners by operation of law, but only by their own express or implied agreement to become such.

"The mere purchase of property by two persons each of whom contributes a portion of the purchase price makes them joint owners of the property, but does not establish between them the relation of joint adventurers." (33 C. J. 842.)

"A joint adventure can exist only by the voluntary agreement of the parties to it. The joint ownership of property does not create it; nor can it arise by mere operation of law." (33 C. J. 847.)

"Although courts in modern times do not treat a joint venture as identical with a partnership, it is so similar in its nature and in the contractual relationships created thereby that the rights as between the adventurers are governed practically by the same rules that govern partnerships. A joint adventure generally relates to a single transaction. The usual test of a partnership as between the parties to a joint adventure is their intent to become partners." (15 R. C. L. 500.)

The contract in the case of *Crawford v. Forrester,* 108 Kan. 222,

194 Pac. 635, cited, embraced many details as to the procuring of oil leases, selling them for particular purposes, development of some of them, the handling and disposition of the proceeds and retention of remaining leases, which contract was held to constitute a joint adventure.

In the case of *Livingston v. Lewis,* 109 Kan. 298, 198 Pac. 952, three parties entered into a contract to purchase, own and operate a newspaper and printing plant, which they did for some time with unsuccessful results, and the court held, "That business relationship, not arising to the dignity of a true partnership, impliedly did consist of a joint adventure."   (p. 301.)

The facts in the case of *Lumber Co. v. Marshall,* 109 Kan. 172, 197 Pac. 861, more nearly agree with those in this case.   There the oil company owned the lease and contracted with one Marshall to drill a well thereon, agreeing to give him a half interest in the lease after deducting the interests sold by the company to other leaseholders for contributions by them toward the expense of drilling this well, and Marshall and the oil company were each to pay one-half of the expense of drilling the well after deducting the contributions made by outside parties.   Marshall paid his half of the expense, but the oil company did not, and it was held that such contract did not create a partnership nor imply a joint adventure.   The contract itself should indicate that the intention was to create such a relation between the parties.   Besides, if we look to the testimony for assistance in such determination, it is thus far positively against any such relationship.   Plaintiff testified:

"I didn't have any interest in the oil runs. . . . We never operated this well together.  I had nothing to do with the operation of the well.  Smith had hired a pumper for that purpose.  Smith and I had no well together.  We had no joint interest in this well."

We cannot agree that this contract, either alone or with the evidence, creates a joint enterprise or adventure.

As to the right of plaintiff to recover on the theory of *quantum meruit,* we think the general rule applies that such resort is only available in case the contract is void, unenforceable, rescinded or waived by the party seeking to recover.

"Where a person for whom work is to be done breaks the contract, the other party either may sue upon his contract and recover so far as he has performed, as well as for loss of profits, or he may waive the contract, sue upon a *quantum*

*meruit* and recover the value of his labor. But he cannot pursue both remedies, for they bear a different measure of damage." (6 R. C. L. 1032.)

The contract is certainly not waived in this case by the plaintiff. On the contrary, plaintiff seeks to enforce it and alleges breach thereof by defendant. Neither does it seem to be void for uncertainty. There does not appear to be any difference between the parties hereto, either in their pleadings or their briefs, as to what was originally intended to be given to the plaintiff by the defendant. It was the difference between $11,500 and the cost of labor, fuel and water to be paid by first party to second party by delivering certificates of units or shares of stock in the Lieunette Oil Company, which company shall be capitalized in an amount not to exceed $25,000. The only differences existing are who breached it, and whether it is payable in stock or money's worth of stock. If not void for uncertainty, then it stands as a valid contract alleged by the plaintiff to have been breached by the defendant. The contract was introduced in evidence, abundant evidence was furnished by plaintiff tending to show it was breached by the defendant, which fully supports the plaintiff's claim in his suit upon the contract to recover something thereon, either $7,817.49 in stock of the proposed oil company, stock of the worth or value of that amount, or that amount in money. We think the rule in the construction of a contract which has been fully performed by one party and breached by the other is that the person injured by the breach is to be placed, so far as it is possible by a monetary award, in the position he would have been in had the contract been performed, and is not entitled to be placed in any better position by a recovery on his contract when broken than he would have been if there had been performance of the contract. (17 C. J. 847.) Accordingly, if it is established that plaintiff has fully performed his part of the contract and defendant has breached it, and failed in performance, the plaintiff will be entitled to recover the reasonable value of $7,817.49 of the stock of the proposed company at the time of the breach.

The judgment is reversed and the cause is remanded with instructions for further proceedings in accordance with the views herein expressed.