**FUSION, INC., Plaintiff,**

v.

**NEBRASKA ALUMINUM CASTINGS, INC. and George Halsley, Defendants.**

**No. 95–2366–JWL.**

United States District Court, D. Kansas.

July 1, 1996.

Donald W. Giffin, Spencer, Fane, Britt & Browne, Kansas City, MO, Michaela M. Warden, Spencer, Fane, Britt & Browne, Overland Park, KS, for Fusion Incorporated.

Arthur H. Stoup, Stephen W. Nichols, Arthur H. Stoup & Associates, P.C., Kansas City, MO, Thomas R. Rehorn, Kansas City, KS, John A. Christiansen, Blue Springs, MO, for Nebraska Aluminum Castings, Inc.

Arthur H. Stoup, Stephen W. Nichols, Arthur H. Stoup & Associates, P.C., Thomas R. Rehorn, Kansas City, KS, for George Hasley.

Arthur H. Stoup, Stephen W. Nichols, Arthur H. Stoup & Associates, P.C., Kansas City, MO, John A. Christiansen, Blue Springs, MO, for Nebraska Aluminum Castings, Inc.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff Fusion, Inc. alleges in this action that defendants Nebraska Aluminum Castings, Inc. (NAC) and George Halsley breached a contract they entered with plaintiff. Not only do defendants deny plaintiff's charge, they bring several counterclaims. Of the multiple pretrial motions spawned by the parties' allegations, the following are pres-

**1272**

ently before the court: defendants' motion to dismiss counts III, IV and V of plaintiff's amended complaint (Doc. # 84) and plaintiff's motion to dismiss count III of defendant NAC's amended answer and counterclaims (Doc. # 87). For the reasons stated below, the court makes the following conclusions: (1) the choice of law provision in the contract does not limit the remedies available under the laws of other states; (2) "person" as used in K.S.A. § 44–341(a) and Tex.Bus. & Com. Code Ann. § 35.81(2) includes corporations; (3) "person" as used in M.S.A. § 181.145 does not; (4) restitution is not available as a separate, independent basis for recovery on an issue addressed by an existing, valid contract. As a result, defendants' motion to dismiss counts III, IV and V of plaintiff's amended complaint is granted in part and denied in part and plaintiff's motion to dismiss count III of defendant NAC's amended answer and counterclaims is granted.

I. *Discussion*

A. *Defendants' motion to dismiss counts III, IV and V of plaintiff's amended complaint*

Plaintiff's complaint essentially alleges that defendants have wrongfully withheld commissions plaintiff earned. In counts III, IV and V, plaintiff contends that, under the laws of Kansas, Minnesota, and Texas respectively, it is entitled to recover those commissions and additional penalties. Defendants seek dismissal of these counts, asserting that Kansas law alone governs this question, plaintiff does not fall within any of the statutes it cites, and the Minnesota and Texas statutes apply only to citizens of those states or to contracts entered into in those states. The court finds that only count IV, brought under Minnesota law, should be dismissed.

■ Dismissal of a cause of action for failure to state a claim is appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir.1991), or where an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Lafoy v. HMO Colorado,* 988 F.2d 97, 98 (10th Cir.1993). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The contract between plaintiff, a Kansas corporation with its principal place of business in Kansas, and NAC, a Nebraska corporation with its principal place of business in Nebraska, provides "[t]his Agreement shall be subject to and shall be enforced and construed pursuant to the laws of the State of Kansas . . . ." Plaintiff does not argue that this provision is invalid. In light of this and given plaintiff's domicile, the court concludes that the parties' choice of law provision should be given full effect.

■ Plaintiff contends, however, that the choice of law provision does not limit the remedies available to it. The court agrees. By its plain language, the scope of the choice of law provision only addresses the enforcement and construction of the contract. Thus, issues such as whether a breach has occurred fall within the choice of law provision but statutory remedies apart from those available on a common law contract claim do not. The parties' narrowly drawn choice of law provision is therefore not a basis to dismiss counts IV and V, which are based on Minnesota and Texas statutes respectively.

■ Defendants' other arguments are based on the language of the statutes in question. In count III, plaintiff cites K.S.A. §§ 44–341, 44–342 and 44–345 as bases for recovery. K.S.A. § 44–342 requires a principal discharging a commission salesperson to pay "the commission salespersons's commissions earned through the last day of the contractual relationship." A "commission

salesperson" means "a person who contracts with and is authorized by a principal to solicit within this state wholesale orders for that principal for merchandise to be shipped into this state or services to be performed within this state and who is compensated therefor by commission." *Id.* § 44–341(a). The statute defines "principal" as:

> any individual, partnership, association, joint stock company, trust, corporation or administrator or executor of the estate of a deceased individual, or the receiver, trustee or successor thereof, contracting with a commission salesperson to solicit and make sales within this state for merchandise to be shipped into this state or services to be performed within this state.

*Id.* § 44–341(d).

Defendants argue that the plain language of these sections indicate that the Kansas legislature intended only natural persons to be "commission salespersons." Although this subchapter does not define person, the K.S.A. § 77–201 lists the rules of construction for Kansas statutes. These rules have general applicability "unless the construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute." *Id.* According to the thirteenth rule listed, " 'Person' may be extended to bodies politic and corporate."

Nothing in the plain language of the sections relied on by plaintiff clearly signifies the legislature's intent to limit commission salesperson to natural persons. Indeed, the language suggests the contrary. In defining principal, the legislature used "individual" to refer to a natural person. The legislature's choice not to use similar language when defining commission salesperson has significance. Moreover, although natural persons with limited resources arguably have a greater need for the protection afforded by the statute, corporate commission salespersons face similar issues and, absent a clear signal

from the legislature,[1] this court declines to limit the scope of the statute to natural persons. Defendants' motion to dismiss count III must be denied.

■ The Minnesota statute cited in count IV is worded differently from its Kansas counterpart. M.S.A. § 181.145, subdivision 1, defines "commission salesperson" as "a person who is paid on the basis of commissions for sales and who is not covered by sections 181.13 and 181.14 because the person is an independent contractor." Subdivision 2(a) follows, providing "[w]hen any person, firm, company, association, or corporation employing a commission salesperson in this state terminates the salesperson, or when the salesperson resigns that position, the employer shall promptly pay the salesperson."

Similar to Kansas, the Minnesota statutes contain a section of general applicability, which defines certain words "unless another intention clearly appears." M.S.A. § 645.44. According to subdivision 7, " 'Person' may extend and be applied to bodies politic and corporate, and to partnerships and other unincorporated associations." Unlike its Kansas counterpart, however, the Minnesota commission salesperson statute expresses a limiting intention.

M.S.A. § 645.44, subd. 7, predates M.S.A. § 181.145. As a result, the court must conclude that the Minnesota legislature was aware of the general definitions statute when it enacted M.S.A. § 181.145. Despite this awareness, M.S.A. § 181.145, subd. 2(a), immediately states its applicability to "any person, firm, company, association, or corporation." This list is significant for two reasons. First, if M.S.A. § 645.44 applied, the list would be redundant. Second, the list unambiguously uses person in its lay sense, *i.e.* to refer to natural persons. As a result, the list manifests the Minnesota legislature's intent

---

1. Pointing to the testimony of certain witnesses at a hearing before the Kansas Senate Committee on the Judiciary, defendants claim that the legislative history clearly signals the legislature's intent to limit commission salespersons to natural persons. Such testimony, of course, has next to no probative value about what the legislature's intent was.

Plaintiff's reliance on K.S.A. § 44–344, which addresses the payment of commissions to deceased individuals, is similarly unavailing. The inclusion of a section addressing issues peculiar to natural persons does not signify that the scope of the subchapter is limited to natural persons.

to use person, in the context of M.S.A. § 181.145, to refer to natural persons only.[2]

Case law is not to the contrary. The court's research reveals multiple cases in which a plaintiff relied on M.S.A. § 181.145. Without exception, each plaintiff was a natural person. In no case, did a corporation recover on the basis of M.S.A. § 181.145. Given the plain language of the statute and its use in Minnesota courts, this court finds that only natural persons can seek recourse under M.S.A. § 181.145.

■ In contrast with the Kansas and Minnesota statutes, the Texas statute cited by plaintiff in Count V does not define the party entitled to a commission as a "person." The Texas statute does, however, define the principal who hires the sales representative as "a person who: (A) manufactures, produces, imports, or distributes a product for sale; (B) uses a sales representative to solicit orders for the product; and (C) compensates the sales representative in whole or in part by commission." Tex.Bus. & Com.Code Ann. § 35.81(2). Accordingly, NAC contends that it cannot be sued under that statute because it is not a person.

Neither the parties nor the court has found a definitions section with general applicability in the Texas statutes. Similarly, no case defining person for purposes of the subchapter at issue has been uncovered. The court therefore turns to the language and apparent purpose of the statute itself.

The statute defines principal broadly. One engaging in a substantial number of activities potentially qualifies. Use of such a broad definition indicates the Texas legislature intended this section have wide applicability. Reading person as "natural person only" would frustrate this intention. Corporations and other business associations commonly engage in the very activities described in the statute. There is no parallel provision creating recourse and remedy for sales represen-

tatives of business association principals. Moreover, while a policy argument could be made that natural commission sales representatives with limited resources need more protection than corporate commission sales representatives, NAC has advanced no theory why all sales representatives need protection from natural persons but not corporations. As a result, the court concludes that the Texas legislature did not intend the statutes to apply to a wide range of activities but only to a select group of natural persons engaging in those activities. Corporations can be principals.

Even if corporations can be principals, NAC contends dismissal should still be granted because the Texas statutes apply only to contracts entered into in Texas. As its sole support for its position, NAC cites the last sentence of Tex.Bus. & Com.Code Ann. § 35.82 which provides, "[a] provision in the contract establishing venue for an action arising under the contract in a state other than this state is void." NAC's argument for why this provision compels dismissal is unascertainable. The one paragraph NAC devotes to the argument in its motion is unfathomable.[3] The two sentences NAC devotes to the Texas statute in its reply do not reveal NAC's argument. The court therefore denies dismissal on this basis. If NAC has an argument on this point, it should clearly articulate it in a motion for summary judgment. Thus, only count IV, brought under Minnesota law, is dismissed. Defendants' motion is therefore granted in part and denied in part.

### B. Plaintiff's motion to dismiss count III of NAC's amended answer and counterclaims (Doc. # 87)

As part of its answer to plaintiff's amended complaint, NAC alleged three counterclaims: breach of contract, breach of fiduciary duty and action for restitution. These counterclaims are not pled in the alternative. Plain-

---

2. Plaintiff has not argued that the Minnesota legislature intended "person" to be defined differently in subdivision 1 than in subdivision 2. Nor is there any basis to so conclude.

3. NAC's motion papers are also confusing in at least one other respect. In its reply, NAC contends dismissal is appropriate "even assuming

that Fusion meets the definition of 'sales representative.'" In neither its memorandum in support nor elsewhere did NAC assert that plaintiff did not meet the definition of sales representative. Accordingly, the issue is not before the court.

 

tiff seeks dismissal of NAC's restitution claim. Plaintiff contends, among other things, that because an express contract exists between it and NAC, restitution is not available as a theory of recovery. The court agrees.

NAC does admit in its answer that it entered into an agreement with plaintiff. Although the parties dispute the meaning of certain terms, a contract exists. Paragraph 12(a) of the contract addresses whether or not plaintiff can represent other companies besides NAC.

To summarize NAC's restitution argument, it contends that plaintiff owed it a fiduciary duty, breached that duty by representing other companies, and acquired benefits thereby. As a result, NAC maintains that it is entitled to recover those benefits. As illustrated by this argument, NAC's actual position is that restitution should be the measure of damages resulting from plaintiff's alleged breach of fiduciary duty. Whether or not restitution is an appropriate remedy for breach of fiduciary duty, or breach of contract for that matter, is not before the court. The pending question is whether restitution is an independent cause of action, separate from NAC's breach of contract and breach of fiduciary duty claims, under the circumstances of this case. It is not.

In Kansas, quantum meruit and restitution are recognized as equivalent theories. *Caplinger v. Lundgren*, 905 F.Supp. 876, 882 (D.Kan.1995); *Hope's Architectural Prods, Inc. v. Lundy's Const., Inc.*, 781 F.Supp. 711, 717 (D.Kan.1991) (citing *Pioneer Operations Co. v. Brandeberry*, 14 Kan. App.2d 289, 789 P.2d 1182 (1990)), *aff'd*, 1 F.3d 1249 (10th Cir.1993). Courts applying Kansas law have concluded that quantum meruit and restitution are not available theories of recovery when a valid, written contract addressing the issue exists. *See, e.g., Whan v. Smith*, 130 Kan. 9, 12–13, 285 P. 589, 591 (1930) ("[Q]uantum meruit ... is only available in case the contract is void, unenforceable, rescinded or waived by the party seeking to recover."); *see also Rupe v. Triton Oil & Gas Corp.*, 806 F.Supp. 1495, 1503–04 (D.Kan.1992) (granting summary judgment after the plaintiff failed to contest

defendant's position that unjust enrichment theory unavailable due to existence of written contract). Because such a contract exists in this case, NAC's third counterclaim fails to state a claim upon which relief can be granted.

## II. *Order*

**IT IS THEREFORE BY THE COURT ORDERED** that defendants' motion to dismiss counts III, IV and V of plaintiff's amended complaint (Doc. # 84) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss count III of NAC's amended answer and counterclaims (Doc. # 87) is granted.

**IT IS SO ORDERED.**