Paul McCLURE individually and d/b/a
McClure Associates, Appellant,

v.

DAVIS ENGINEERING, L.L.C.,
et al., Respondents.

No. A05–1285.

Court of Appeals of Minnesota.

June 13, 2006.

Paul Egtvedt, Egtvedt & Skees, LLP, Minneapolis, MN, for appellant.

Paul C. Thissen, Jesse R. Orman, Briggs and Morgan, P.A., Minneapolis, MN, for respondents.

Considered and decided by STONEBURNER, Presiding Judge; KALITOWSKI, Judge; and WILLIS, Judge.

## OPINION

WILLIS, Judge.

Appellant, a manufacturers' representative operating as a subchapter-S corporation, appeals from the district court's grant of summary judgment to respondents.

Appellant argues that the district court erred by concluding that (1) a corporation cannot be a "commission salesperson" within the meaning of Minn.Stat. § 181.145 (2004); and (2) appellant's breach-of-contract claim against respondents for a commission is barred by the statute of limitations. Because we conclude that the term "person" in section 181.145 may include a corporation and because appellant's breach-of-contract claim is not barred by the statute of limitations, we reverse and remand.

## FACTS

Appellant Paul McClure, d/b/a McClure Associates, Inc.[1] (McClure Associates), a subchapter-S corporation, challenges the district court's award of summary judgment to respondents Davis Engineering, L.L.C. and Douglas Machine, Inc. (together referred to as Douglas Machine).[2] Douglas Machine designs, manufactures, and sells customized industrial packaging equipment to end-users. For purposes of this appeal, Douglas Machine agrees that in 1998, Douglas Machine and McClure Associates entered into an oral agreement by the terms of which McClure Associates promised to identify and contact businesses in need of Douglas Machine's services and products. According to the terms of the contract, Douglas Machine was to pay McClure Associates a 10% commission on the gross invoice price for all sales that McClure Associates brought to Douglas Machine, with payment to McClure Associates to be made when Douglas Machine received payment from the purchaser.

---

1. Paul McClure is the president of McClure Associates, of which he and his wife are the sole shareholders. In his deposition, Paul McClure admitted that McClure Associates is the proper plaintiff in this action against respondents.

2. Davis Engineering was formerly a separate entity, but it is now a business unit of Douglas Machine. For convenience, respondents will be referred to together as Douglas Machine.

In August 2002, McClure Associates filed a complaint against Douglas Machine, alleging breach of contract, unjust enrichment, and quantum meruit regarding the commission on a sale by Douglas Machine to Novartis Nutrition Corporation. The parties settled the dispute.

But before settlement of the Novartis claim, McClure Associates filed an amended complaint in May 2004, seeking to recover unpaid commissions, penalties, and attorney fees related to Douglas Machine's sales to Lloyd's Barbeque Company and Edwards Label. After McClure Associates amended its complaint, Douglas Machine moved for partial summary judgment. The district court granted the motion, finding that (1) McClure Associates was not entitled to the penalties or attorney fees provided for in Minn.Stat. § 181.145 (2004) because a corporation cannot be a "commission salesperson" for the purpose of the statute; and (2) McClure Associates' claim against Douglas Machine for a commission on the Lloyd's Barbeque sale was barred by the statute of limitations in Minn.Stat. § 541.07(5) (Supp.1999).[3] In April 2005, a final judgment was entered, and all claims not previously dismissed were dismissed with prejudice. McClure Associates appeals from the judgment.

Because McClure Associates does not challenge the dismissal of its claim for a commission on the Edwards Label sale, the only relevant facts on appeal are those relating to Douglas Machine's sale to Lloyd's Barbeque. In the fall of 1998, McClure Associates approached Douglas Machine regarding a possible sale to Lloyd's Barbeque. In July 1999, Lloyd's Barbeque ordered equipment from Douglas Machine. Douglas Machine received full payment from Lloyd's Barbeque by May 2000. Douglas Machine paid McClure Associates a commission of $56,720.50 on this sale, but McClure Associates claims that Douglas Machine still owes a commission of $38,594.50. McClure Associates complained to Douglas Machine regarding the amount of this commission in May 2000 and was told that the "books were closed."

## ISSUES

1. May a corporation be a "commission salesperson" within the meaning of Minn. Stat. § 181.145 (2004)?

2. Did the district court err by determining that the statute of limitations in Minn.Stat. § 541.07(5) (Supp.1999) bars McClure Associates' breach-of-contract claim for a commission on the Lloyd's Barbecue sale?

## ANALYSIS

When reviewing an appeal from summary judgment, this court asks whether (1) there are any genuine issues of material fact; and (2) the district court's application of the law was erroneous. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. On appeal, this court "must view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

**3.** The district court also dismissed McClure Associates' claim for attorney fees under Minn.Stat. § 325E.37 (2004), and it dismissed McClure Associates' claim for damages for a commission on the Edwards Label sale. McClure Associates does not challenge on appeal the dismissal of these claims.

### I. May a corporation be a "commission salesperson" within the meaning of Minn.Stat. § 181.145 (2004)?

McClure Associates argues that the district court erred by concluding that a corporation cannot be a "commission salesperson" under Minn.Stat. § 181.145 (2004). Section 181.145 requires prompt payment to a commission salesperson when the salesperson's employment is terminated or when the salesperson resigns, imposes a penalty on employers who fail to promptly pay commissions earned, and entitles the commission salesperson to reasonable attorney fees if the salesperson is not promptly paid commissions earned. Minn. Stat. § 181.145, subds. 2–4. McClure Associates sought penalties and attorney fees under this statute because of its unpaid commission.

Section 181.145 defines a "commission salesperson" as "a person who is paid on the basis of commissions for sales and who is not covered by sections 181.13 and 181.14 [4] because the person is an independent contractor." Minn.Stat. § 181.145, subd. 1. The district court found that McClure Associates was an independent contractor and was paid on the basis of commissions, but it concluded that McClure Associates was not a "person" for purposes of the statute because it is a corporation rather than a natural person. Whether a "commission salesperson" under this section may include a corporation is a question that has not been addressed by Minnesota courts.

■ Statutory interpretation is reviewed de novo. *ILHC of Eagan, LLC v. County of Dakota,* 693 N.W.2d 412, 419 (Minn.2005). The plain meaning of a stat-

ute's language should guide a court's interpretation of the statute. *Id.* Section 181.145 does not define "person." But Minn.Stat. § 645.44 provides definitions to be applied in interpreting Minnesota statutes that "shall have the meanings given them in this section, unless another intention clearly appears." Minn.Stat. § 645.44, subd. 1 (2004). Section 645.44 defines "person" as: " 'Person' may extend and be applied to bodies politic and corporate, and to partnerships and other unincorporated associations." *Id.,* subd. 7 (2004).

On its face, section 181.145, subdivision 1, does not limit the term "person" to natural persons. The definition of "person" in section 645.44 is to apply "unless another intention clearly appears," and we do not find another clear intention in section 181.145. With the application of this definition, the meaning of "person" in section 181.145, subdivision 1, is plain and unambiguous. Therefore, we conclude that the term "person" in section 181.145, subdivision 1, includes a corporation.

■ Douglas Machine relies on *Fusion, Inc. v. Neb. Aluminum Castings, Inc.,* 934 F.Supp. 1270, 1273–74 (D.Kan.1996), a decision of a Kansas federal district court that concluded that under Minnesota law, the term "commission salesperson" does not include a corporation. The *Fusion* court relied on principles of statutory construction to reach its conclusion. *See id.* (noting that (1) because section 645.44, subdivision 7, predates section 181.145, the legislature was aware of the general definition of "person" when the "commission salesperson" statute was enacted; (2) despite this knowledge, section 181.145, sub-

---

**4.** Minn.Stat. § 181.13 (2004) provides a penalty for an employer's failure to promptly pay wages to a discharged employee; Minn.Stat. § 181.14 (2004) protects an employee who quits or resigns employment by providing that the employee is entitled to the prompt payment of wages or commissions earned.

division 2(a), lists " 'any person, firm, company, association, or corporation' "; and (3) if section 645.44, subdivision 7, applied, the list would be redundant). But under Minnesota law, courts apply rules of statutory construction only when a statute is ambiguous. *ILHC of Eagan, LLC,* 693 N.W.2d at 419. We conclude that it is inappropriate to apply rules of statutory construction here because section 181.145, subdivision 1, is not ambiguous. Therefore, we do not find the *Fusion* court's holding persuasive.

Because a corporation may be a commission salesperson under section 181.145, subdivision 1, the district court erred by concluding that McClure Associates was not a commission salesperson. But McClure Associates' claim for penalties and attorney fees under section 181.145 is governed by the statute of limitations in Minn.Stat. § 541.07(5) (2004), which provides a two-year statute of limitations "for the recovery of wages or overtime or damages, fees or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages, fees or penalties."

McClure Associates argues that the applicable triggering event for the statute of limitations under section 181.145 is the termination of the relationship with the commission salesperson. The parties here dispute whether they had a relationship that could be terminated for the purposes of this statute. Because the district court determined that McClure Associates was not a commission salesperson, it did not reach this issue. We therefore remand to the district court for a determination of whether the relationship between McClure Associates and Douglas Machine could be terminated for the purposes of McClure Associates' claim under section 181.145 and, if so, when such termination occurred.

## II. Did the district court err by determining that the statute of limitations in Minn.Stat. § 541.07(5) (Supp.1999) applies to McClure Associates' breach-of-contract claim for a commission on the Lloyd's Barbecue sale?

■ McClure Associates next argues that the district court erred by concluding that McClure Associates' claim for a commission on the Lloyd's Barbecue sale is subject to the two- or three-year statute of limitations in Minn.Stat. § 541.07(5) (Supp. 1999) rather than the six-year statute of limitations in Minn.Stat. § 541.05, subd. 1(1) (1998). The construction and applicability of a statute of limitations are questions of law, reviewed de novo. *Benigni v. County of St. Louis,* 585 N.W.2d 51, 54 (Minn.1998).

In addition to its claim for penalties and attorney fees, McClure Associates made a common-law breach-of-contract claim against Douglas Machine for the allegedly unpaid commission on the Lloyd's Barbeque sale. McClure Associates argues that the applicable statute of limitations for its breach-of-contract claim is that in Minn.Stat. § 541.05, subd. 1(1). Section 541.05, subdivision 1, provides: "Except where the Uniform Commercial Code otherwise prescribes, the following actions shall be commenced within six years: (1) Upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed."

The district court applied Minn.Stat. § 541.07, which provides a two-year statute of limitations

for the recovery of wages or overtime or damages, fees or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages, fees or penalties except, that if the employer fails to submit payroll records by a specified date upon request of

the department of labor and industry or if the nonpayment is willful and not the result of mistake or inadvertence, the limitation is three years. (The term "wages" means all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists and the term "damages" means single, double, or treble damages, accorded by any statutory cause of action whatsoever and whether or not the relationship of master and servant exists).

Minn.Stat. § 541.07(5).

Douglas Machine argues that "Minnesota courts have long construed claims related to payment for services to be governed by 541.07(5)" and asserts that because McClure Associates is seeking damages, section 541.07(5) was correctly applied, regardless of whether McClure Associates was an independent contractor or an employee. But this argument ignores the language in section 541.07(5) that defines "damages" as those "accorded by any statutory cause of action."

In *Roaderick v. Lull Eng'g Co.*, a case relied on by the district court and by Douglas Machine here, the Minnesota Supreme Court noted, "We have held that contractual, as well as statutory, wage claims are governed by the 2–year limitation prescribed by [section] 541.07(5)." 296 Minn. 385, 387–88, 208 N.W.2d 761, 763 (1973). But *Roaderick* and the other cases cited by Douglas Machine involve claims against employers by persons who had employment contracts with or who were former employees of the employers. *See Roaderick*, 296 Minn. at 386, 208 N.W.2d at 762; *Levin v. C.O.M.B. Co.*, 441 N.W.2d 801, 802 (Minn.1989); *Hendrickson v. Magney Constr. Co.*, 402 N.W.2d 194, 195 (Minn.App.1987).

 It is clear that McClure Associates is not seeking to recover wages, as defined in section 541.07(5), because there was never a master-and-servant relationship between Douglas Machine and McClure Associates. And because McClure Associates' breach-of-contract claim is not a statutory cause of action, we conclude that the statute of limitations in section 541.07(5) is inapplicable here. Rather, McClure Associates' breach-of-contract claim for a commission on the Lloyd's Barbeque sale is subject to the six-year statute of limitations in section 541.05, subdivision 1(1).

 Generally, "[a] cause of action accrues when the right to institute and maintain a lawsuit arises, when the action can be brought in a court of law without dismissal for failure to state a cause of action, and it has long been settled that a cause of action for breach of contract accrues on the breach of the terms of the contract." *Levin*, 441 N.W.2d at 803 (citations omitted). McClure Associates acknowledges that under its contract with Douglas Machine, "payment would be due at the time of [Douglas Machine's] receipt of payments." McClure Associates also acknowledges that in May 2000, it knew that Douglas Machine had received full payment for the Lloyd's Barbeque sale, and it complained to Douglas Machine regarding the disputed commission.

Therefore, based on the record before us, the breach-of-contract claim arising from the Lloyd's Barbeque sale accrued in May 2000. Because McClure Associates amended its complaint in 2004 to include its claim for a commission on the Lloyd's Barbeque sale, its breach-of-contract claim is not barred by the six-year statute of limitations.

## DECISION

Because a corporation may be a "commission salesperson" within the meaning of

Minn.Stat. § 181.145 (2004), the district court erred by granting summary judgment to Douglas Machine on the ground that McClure Associates was not a commission salesperson. Because McClure Associates seeks damages for common-law breach of contract and amended its complaint to include its claim for a commission on the Lloyd's Barbeque sale before the expiration of the six-year statute of limitations in section 541.05, subdivision 1(1), the district court erred by concluding that the breach-of-contract claim relating to that sale was barred by the statute of limitations in section 541.07(5).

**Reversed and remanded.**