(243 P.3d 1106)
No. 103,973

MIDWEST ASPHALT COATING, INC., *Appellant*, v. CHELSEA PLAZA HOMES, INC., *et al.*, *Appellees*.

Opinion filed December 23, 2010.

*Michael E. Callahan, Heath A. Hawk,* and *Kurtis L. John*, of Stinson Morrison and Hecker, LLP, of Kansas City, Missouri, for appellant.

*Merle E. Parks* and *Shannon L. Kelman*, of Evans & Mullinix, P.A., of Shawnee, for appellees.

Before PIERRON, P.J., MARQUARDT and ATCHESON, JJ.

MARQUARDT, J.: Midwest Asphalt Coating, Inc. (Midwest), appeals the district court's denial of its request for attorney fees and costs. We affirm.

Midwest contends that it was entitled to attorney fees and costs under the terms of its contract with Chelsea Plaza Homes, Inc. (Chelsea Plaza), in quantum meruit, or under the Kansas Fairness in Private Construction Contract Act (FPCCA), K.S.A. 16-1801 *et seq.*

## FACTS

In August 2007, Chelsea Plaza took bids for repairs to a parking lot. Chelsea Plaza signed a contract with Midwest on October 4, 2007, for the repair work.

Before the work was completed, Chelsea Plaza barred Midwest's access to the property, claiming that Midwest "was not performing pursuant to the contract, either in the particular work to be performed or in the quality of work being performed." Midwest then sent Chelsea Plaza an invoice for $30,268, which was the balance of the contract price for the repair work. When Chelsea Plaza refused to pay the invoice and negotiations for payment failed, Midwest filed suit for payment of $30,268 on the theories of breach of contract, quantum meruit, and a violation of the FPCCA.

In December 2009, a jury awarded Midwest $20,000 without indicating on which of Midwest's claims the award was made.

On December 22, 2009, Midwest filed a motion for attorney fees and costs. On January 21, 2010, after a hearing, the district court denied Midwest's request. Without providing a factual basis for its decision, the district court found that the jury verdict was based upon quantum meruit. Midwest filed a motion for reconsideration, which was denied. Midwest filed a timely notice of appeal.

## BASIS FOR THE $20,000 AWARD

Midwest claims that under the plain language of the contract, the district court had the authority and the obligation to award it attorney fees and costs. Alternatively, Midwest argues it was enti-

tled to attorney fees and costs on the quantum meruit theory because it provided a valuable benefit to Chelsea Plaza.

Under Kansas law, a court may not award attorney fees unless a statute authorizes the award or there is an agreement between the parties allowing attorney fees. *Brennan v. Kunzle*, 37 Kan. App. 2d 365, 392-93, 154 P.3d 1094, *rev. denied* 284 Kan. 945 (2007). Whether a district court has the authority to award attorney fees and costs is a question of law over which an appellate court has unlimited review. *Unruh v. Purina Mills*, 289 Kan. 1185, 1200, 221 P.3d 1130 (2009). The party requesting attorney fees and costs bears the burden of establishing entitlement to such an award. See *Estate of Bingham v. Nationwide Life Ins. Co.*, 7 Kan. App. 2d 72, 80, 638 P.2d 352 (1981), *aff'd as modified* 231 Kan. 389, 646 P.2d 1048 (1982).

Both Chelsea Plaza and Midwest agree that their contract included the following provision:

"22. ATTORNEY'S FEES. If any litigation arises between the parties with respect to the matters covered in this Contract or arising out of this Contract, the prevailing party shall be entitled to an award of its reasonable attorney's fees and costs."

The interpretation and legal effect of a written instrument are questions of law over which an appellate court has unlimited review. *City of Andover v. Southwestern Bell Telephone*, 37 Kan. App. 2d 358, 361, 153 P.3d 561 (2007); see *Shamberg, Johnson & Bergman, Chtd. v. Oliver*, 289 Kan. 891, 900-01, 220 P.3d 333 (2009). If the terms of the contract are plain and unambiguous, the rules of construction do not apply. *Carrothers Constr. Co. v. City of South Hutchinson*, 288 Kan. 743, 751, 207 P.3d 231 (2009).

Midwest argues that the language of the contract controls its litigation for payment; therefore, it is entitled to attorney fees and costs. Midwest contends that the jury must have based its decision on the contract language because Chelsea Plaza did not dispute the existence of the contract.

Midwest ignores paragraph 4 of the contract, which states:

"PAYMENT. The Contractor shall be paid for the performance of the work the Contract Sum of **Thirty Nine Thousand, Nine Hundred Fifty Six Dollars**

**and Fort[y] Four cents ($39,956.44).** The terms of the payment of the Contract Sum are as follows:

**Payment in the amount of $39,956.44 is due within 30 days of** full completion of work and *satisfactory inspection* of **Owner, Managing Agent and/or Chelsea Plaza Homes** as well as any applicable agency (HUD, Mortgagee)." (Emphasis added.)

It is undisputed that after inspection, Chelsea Plaza determined that Midwest's work was not satisfactory. If the jury had concluded that Midwest's work did not conform to the contract requirements, it could have concluded that Midwest breached the contract. A breach of the contract would preclude recovery under the contract.

Recovery for payment under the terms of a contract and recovery for quantum meruit are mutually exclusive legal concepts. See *Delta Groups Engineering v. Sprint Spectrum*, No. 100,920, unpublished opinion filed May 6, 2010, slip op. at 10 (citing *Whan v. Smith*, 130 Kan. 9, 12-13, 285 P. 589 [1930]). In other words, in order for Midwest to recover quantum meruit, the contract must have been unenforceable. If the contract were unenforceable, the attorney fees provision also could not be enforced. See 42 C.J.S., Implied Contracts § 38, p. 44.

"Unjust enrichment/quantum meruit is an equitable doctrine. Unjust enrichment is the modern designation for the older doctrine of quasi-contract. The theory of quasi-contract was raised by the law on the basis of justice and equity regardless of the assent of the parties. The substance of an action for unjust enrichment lies in a promise implied in law that one will restore to the person entitled thereto that which in equity and good conscience belongs to that person." *Haz-Mat Response, Inc. v. Certified Waste Services Ltd.*, 259 Kan. 166, Syl. ¶ 5, 910 P.2d 839 (1996).

Midwest's quantum meruit claim was for the reasonable value of the benefit conferred upon Chelsea Plaza. See 42 C.J.S., Implied Contracts § 25, p. 31 ("Quantum meruit is allowed where there is substantial performance but not full completion of the contract."); 42 C.J.S., Implied Contracts § 43, pp. 48-49. It is interesting to note that Midwest claims in its petition that it "fully performed its obligations under the Contract." Such an assertion would preclude recovery on a quantum meruit claim.

In the journal entry on Midwest's motion for attorney's fees and costs, the district court found "the jury verdict was based upon

*quantum meruit* as opposed to the contract between the parties." An appellate court reviews a trial court's finding to determine whether it is supported by substantial competent evidence. *Hodges v. Johnson,* 288 Kan. 56, 65, 199 P.3d 1251 (2009).

Chelsea Plaza urges this court to adopt the district court's reasoning, arguing that the jury must have relied on quantum meruit because it failed to award Midwest the contract amount requested in its petition. It then concludes that the jury must have found that Midwest did not perform the work to the specifications established by the contract.

In light of the record on appeal, Chelsea Plaza's argument is unpersuasive. In instructing the jury on contract damages, the district court stated:

"A party who acts in good faith and who performs substantially all that is required of him by a contract may recover from the other party the contract price less any damage sustained by the other party for minor defects in performance.

" 'Substantial performance' of a contract does not contemplate exact performance of every detail, but rather performance of all important parts.

"A party who has deviated in minor detail from the strict terms of a contract may nevertheless recover the contract price from the other party, less any damages the other party has sustained for failure to comply strictly, or less any allowances appropriate for defects in performance.

"The doctrine neither applies where there has been bad faith or an intentional, deliberate, willful or major departure from the contract, nor where the partial breach is of an express promissory condition.

. . . .

"If you find for Plaintiff Midwest Asphalt Coating, Inc., then you should award the plaintiff such sum as you believe will fairly and justly compensate the plaintiff for the damages you believe it sustained as a direct result of the breach of contract by the defendants.

. . . .

"The total amount of your verdict may not exceed the sum of $30,268, the amount of Midwest Asphalt Coating, Inc.'s claim."

Based upon these instructions, which no party challenges on appeal, the jury could have concluded that Midwest substantially performed under the contract and, therefore, did not breach the contract. Also, it could have concluded that Midwest's performance was deficient. The jury verdict could have been based on breach of contract rather than quantum meruit.

Ordinarily, absent a proper objection to insufficient factual findings below, this court presumes that the district court found the necessary facts to supports its conclusion. *Hodges*, 288 Kan. at 65. But, when the record on appeal does not support the presumption, the case will be remanded for additional factual findings and legal conclusions. *Dragon v. Vanguard Industries*, 282 Kan. 349, 356, 144 P.3d 1279 (2006). Remand is unnecessary in this case only because the district court provided a basis for its denial of attorney fees, *i.e.*, that Midwest had not carried its burden of establishing entitlement to attorney fees.

When a district court concludes that a party failed to meet its burden of proof, the court has made a negative factual finding. Appellate review of such a finding is limited. The party challenging the finding must prove that the district court arbitrarily disregarded undisputed evidence or relied upon an improper extrinsic consideration such as bias, passion, or prejudice. *Hall v. Dillon Companies, Inc.*, 286 Kan. 777, 781, 189 P.3d 508 (2008).

Midwest has not provided this court with transcripts of the jury trial so that this court would be able to consider the evidence presented to the jury. The limited record also fails to reveal that any improper extrinsic consideration entered the district court's assessment of the request for attorney fees. "An appellant has the burden to designate a record sufficient to establish the claimed error; without such a record, the claim of error fails." *Kelly v. VinZant*, 287 Kan. 509, 526, 197 P.3d 803 (2008). From the record presented in this appeal, it is impossible to determine which theory the jury used in awarding Midwest damages.

We agree with the district court that Midwest "has not carried its' [*sic*] burden that it is entitled to attorney's fees pursuant to [the] contract" and has not provided evidence to support its claim for attorney fees and costs under its quantum meruit claim.

## KANSAS FAIRNESS IN PRIVATE CONSTRUCTION CONTRACT ACT

Midwest also contends that the FPCCA allows it to collect attorney fees and costs. Under the Kansas FPCCA, K.S.A. 16-1801 *et seq.*, the prevailing party in an action to enforce the rights provided by the Act is entitled to costs and reasonable attorney fees.

K.S.A. 16-1806. Midwest presumably seeks attorney fees for seeking to vindicate its right to payment from Chelsea Plaza under K.S.A. 16-1805, which provides:

"If any *undisputed* payment is not made within seven business days after the payment date established in a contract for private construction or in this act, the contractor and any subcontractors, regardless of tier, upon seven additional business days' written notice to the owner and, in the case of a subcontractor, written notice to the contractor, shall, without prejudice to any other available remedy, be entitled to suspend further performance until payment, including applicable interest, is made. The contract time for each contract affected by the suspension shall be extended appropriately and the contract sum for each affected contract shall be increased by the suspending party's reasonable costs of demobilization, delay and remobilization." (Emphasis added.)

The construction of a statute involves questions of law over which an appellate court possesses unlimited review. *Unruh*, 289 Kan. at 1193. The fundamental rule of statutory construction is that the intent of the legislature governs when the intent may be ascertained. *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, 607, 214 P.3d 676 (2009). A court presumes that the legislature effected its intent through the language of the statute enacted. *Padron v. Lopez*, 289 Kan. 1089, 1097, 220 P.3d 345 (2009). Therefore, where the statutory language presents a clear and unambiguous meaning, the court will give effect to the legislative intent as expressed in the language of the statute without resorting to rules of construction or legislative history. *Double M Constr. v. Kansas Corporation Comm'n*, 288 Kan. 268, 271-72, 202 P.3d 7 (2009).

K.S.A. 16-1805 and K.S.A. 16-1806 provide a clear and unambiguous statement of the legislature's intent. When a contractor or subcontractor does not receive an undisputed payment within 7 days of the date of payment established in the contract and is forced to bring suit after providing proper notice of the late payment, the contractor may recover attorney fees and costs from the defaulting party if the contractor prevails in the suit.

As Chelsea Plaza notes, the amount due under the contract was disputed. There is a dispute on whether Midwest completed the work for which the parties had contracted. Accordingly, the amount due under the contract was also in dispute.

Moreover, as previously discussed, it is unclear whether the jury ultimately awarded damages on a contract theory or on a quantum meruit theory. If the jury resolved the case on the basis of quantum meruit, K.S.A. 16-1806 would not provide a basis for attorney fees and costs because an award of damages under quantum meruit is not liquidated until the award is made. See *Miller v. Botwin*, 258 Kan. 108, 119, 899 P.2d 1004 (1995).

Midwest claims prejudgment interest as provided in the FPCCA; however, no prejudgment interest is available when the amount is disputed. By its very nature, an unliquidated amount cannot be an undisputed amount due under contract within the meaning of the Act. Under these facts, the FPCCA does not apply.

The district court properly denied Midwest's request for attorney fees and costs under all of Midwest's claims.

Affirmed.